By the Court. Duer, J.
This is an appeal from an order made at chambers allowing to the defendant who has obtained a verdict, what are usually, but improperly termed double costs, and the question to be determined is, whether those sections in the revised statutes by which, in cases like the present, such costs are given to the defendant, are still in force, or have been superseded or repealed by the provisions of the code. (2 B. S. 617, § 24, 25.
It is much to be regretted that the framers of the code failed to annex to their labors, a general repealing statute enumerating the acts and parts of acts that were meant to be abrogated. Many of the difficulties that have arisen in the construction of the code, and those that have most perplexed and divided the minds of judges, must be ascribed to this omission, and of this the question now before us is a striking example. Two of the judges of the superior court, Justices Sill and Welles, (4 How. Pr. B. 263, 283,) have decided that double costs are still recoverable, while Mr. Justice Parker, and the court of common pleas in this city, have held that the statutory provisions from which alone the right to claim such costs was derived are wholly repealed, (4 ibid. 239, 5 ibid. p.-MS. opinion of Judge Woodruff,) and our own reflections, founded upon an attentive examination of all those provisions in the code that have a bearing upon the question, have led us to the same conclusion.
It is said that the code has only repealed those statutory provisions in relation to costs which regulated the costs and fees of attorneys, solicitors and counsel, as against their clients, and that as double costs are expressly declared to belong to the defendants to whom they are awarded, and are thus distinguished from those which their attorneys, &c., are entitled to recover for their own services, it necessarily follows that they are not affected by the repeal. We shall not deny that there would be much force in these observations, if the costs that are given by the code, and which it is alleged may be doubled, were merely a substitute for those that were formerly allowed, and were still the costs that the attorney is entitled to demand from his client, and when *764 received from the opposite party, to retain for his services; but as the case happens to be directly the reverse, the argument that the observations we have stated have been supposed to furnish, it appears to us wholly fails. Costs, as they now exist, are in no case a measure of the compensation to which the attorney is entitled.
They do not define and limit the sum that he may justly-claim for his services. His compensation, where there is no express agreement, is left to depend upon the agreement that the law will imply, and -the only agreement that the law can imply is, that the sum to be paid, shall be proportioned to the value of the services performed, and it is manifest that the sum which a court and jury, in the exercise of a reasonable discretion may allow, may be greater or less 'than the amounts of the costs that are given by the code. Such, we conceive, is the necessary construction of section 303.
Hence, the question whether the code has abolished double costs is not to be disposed of by saying that the provisions of the code have no reference to costs that belong to a party in the suit, for in reality it is to such costs that they relate, and to such alone. Costs, as regulated by the code, are given exclusively to the party, plaintiff or defendant, who prevails in the suit, and they belong to him exactly in the same sense in which double costs belonged to a defendant under the revised statutes. The real question, therefore, is whether the provisions in the code in relation to costs, were designed to embrace the whole subject of which they treat, since if they were, double costs, although not in terms abolished, are so, by a necessary implication. The sections in the statute by which they are given are certainly repealed, if the code must be construed as meaning that no other or greater costs shall in any case be recovered or allowed than those which it directs or authorizes to be given, and such, we are persuaded, is its reasonable and true interpretation. We are convinced, that had the framers of the code meant to continue in force the existing statutory provision in relation to double costs, they would not have failed to see that it was necessary to embody and re-enact the sections in which they are contained, and that their intention and that of the legislature to repeal these sections is sufficiently manifested by their actual omission.
*765 It has, indeed, been insisted, that this is a construction which we have no right to adopt. The code, it is said, has in effect declared that all statutory provisions not inconsistent with its own, shall remain in force. (Code, § 468, 471.) Hence, as the provisions relative to double costs may be reconciled with those of the code, it follows that we are bound to enforce them. This reasoning is specious, but the sophism which it involves is readily detected. It consists in giving to the term “inconsistent” a very false interpretation, by limiting it to the cases in which there is a positive contradiction in terms, a direct and literal repugnancy. But such is not its meaning. A prior law is inconsistent with a subsequent, when, if suffered to remain in force, it would defeat or frustrate in any degree the object and intent of the latter, and this it may do, even when the terms of the laws are perfectly consistent and imply no contradiction that would prevent the provisions in both from being carried into effect. The declaration in the code, that all statutory provisions not inconsistent with its own are repealed, was quite unnecessary. It is only a special application of the general maxim, that “ Leges posteriores priores contrarias abrogant,” and must receive the same interpretation. It would be unreasonable to suppose that it was meant to alter, in any degree, the sound rules of construction by which courts of justice in the interpretation of statutes have constantly been governed. The intent of the legislature that a particular act should contain the whole statutory law on the subjects of which it treats, may be declared in terms, or be deduced from the nature of its provisions and the absurd or unreasonable consequences that would follow a different construction. But where this intent is certain, whether expressed in words or collected by reasoning, its necessary effect is to repeal, as inconsistent, all prior statutes on the same subject. We venture to affirm, that there is scarcely a chapter or title in the code, in the construction of which this principle must not be followed; and to select a single case, it is by this principle that we have been governed in determining the extent of our own powers. The code declares that the jurisdiction of this court shall extend to certain cases, which it proceeds to enumerate, without any positive or negative words confining our jurisdiction to those cases, but *766 as the enumeration was evidently meant to "be complete, we have construed it as defining and limiting our powers, and consequently, as repealing all prior statutes by which a different or larger jurisdiction was given.
The title “of costs” in the code means'costs in civil suits, and there is nd exception, either in the heading of the title, or in its provisions, of particular suits or particular cases. 1 It corresponds, in its general design, with title 1, of chapter X part 3d of the revised statutes, which is headed “ of the cases in which costs may be recovered;” and we know no reason why its provisions must not receive the same interpretation ; that i&, as- intended to embrace all the cases in which costs maybe recovered or allowed. Mr. Justice Woodruff, in a MS. opinion, with a copy of which we have been furnished, by a careful analysis of the two statutes, title one in the revised statutes, and ten in the code, has clearly shown that the provisions in the latter are throughout substituted for those of the former, and we agree with him that while every other section in title one is plainly superseded, it would be unreasonable to believe that §§ 24 and 25 were meant to be continued in force. We agree with him that the substitution was meant to be and is complete.
An objection, however, to this construction not hitherto noticed, must now be stated. It has much apparent force, yet when examined supplies new reasons in support of the conclusions that we adopt.. The statutory provisions in relation to double costs, it is truly said, are founded upon reasons of public policy, which we ought not to believe, unless upon the strongest evidence, that the legislature meant to disregard.. The object of these provisions is to encourage public officers in the faithful discharge of their duties, by imposing a penalty upon those, who without just cause, prosecute them for their official acts. Its design is to protect the officer against groundless and vexatious suits, and this protection, unless the language of the code is plain and imperative, ought not to be withdrawn. To all this we entirely assent, and the reply is, that this reasonable protection is not withdrawn, but in all the cases in which it ought to be given, is more effectually secured by the provisions of the code than by those of the statute. It is secured by the duty which is *767 now imposed upon the judges, of making an extraordinary allowance to the party who prevails in the suit “ in every case in which the prosecution or defence has been unreasonably or unfairly conducted.” (Code, § 308.) It is not a narrow and literal construction that we give to these words. We hold that they apply to every suit which is groundless in its origin and vexatious in its purpose; since every suit which is unreasonable and unfair in its commencement, must be so in every subsequent step of its progress, and unless it is at once abandoned, it is “ a prosecution unreasonably and unfairly conducted.”
It is true, that under the code it is only in' special cases that an additional allowance can be made to a public officer, who is a defendant in the suit, whereas, under the statute, he is entitled to double costs, in every case in which the plaintiff fails to succeed, to whatever cause his ill success may be owing, and however reasonable the grounds upon which the suit was commenced. But this distinction, so far from being an objection, is an additional and very strong reason for holding that the provisions of the code have superseded those of the statute. If more limited in their application, they are more equitable when applied. They give to the officer all the protection that he can justly claim, and they impose no penalty, when no wrong has been committed and no punishment is due.
IJpon the other hand, if we have rightly interpreted the provisions in § 308 of the code, as to the extent of their application, let us consider what, in some cases, must be the necessary consequence of holding that they are not substituted for those of the statute. Where a suit against a public officer, in the opinion of the judge by whom it is tried, is unreasonable or unfair in its origin or conduct, he is bound to make to the defendant the additional allowance which the code has authorised. If he is satisfied that the wrong which was meant to be restrained has been committed, it is his duty to impose the penalty, and to this penalty, if the statutory provisions are still in force, that of “ double costs” must be added. ETor is this all; the additional allowance is plainly a part of the “ sum of charges for costs,” which are to be adjusted by the clerk, under § 311 of the code. The entire allowance is, therefore, not merely to be added *768 to double costs, but, in the sense of the statute, is itself to be doubled. It is manifest that such an aggravation of the penalty that double costs were meant to provide, would in all cases be unjust, and in many oppressive; and we therefore find it impossible to believe that it was contemplated by the framers of the code, or by the legislature. Tet if this consequence was not intended, double costs were meant to be abolished, and we rest with satisfaction in the conclusion that they are abolished.
The order allowing them to the plaintiffs is therefore reversed, but without costs.