HOLMES, executrix, &c. of Sarah Donihugh, deceased, *vs.*
RANKIN.

Interest is not recoverable upon an unliquidated demand for board and lodging, nor can it be set off, where there was no price, or time of payment, stipulated between the parties, or to be inferred from the facts; and there is no proof of any usage on the subject.

THE action was brought to recover the amount of a promissory note, in the words and figures following: "Dollars 2,000. Six years after date I promise to pay Sarah Rankin two thousand dollars with interest at six per cent. Wm. Rankin. Charlotte, March 1st, 1846." The complaint described the testatrix as "Sarah Donihugh, (known also as Sarah Rankin.)" The defense was a set-off against the testatrix. The action was referred by an order of the court. On the trial before the referee, the plaintiff proved the execution of the note by the defendant, with a computation of the interest, which, with the principal, amounted to $2,736.66, and rested. The defendant then proved that the note in question was given for money lent and advanced to him by the testatrix, at the date of the note. That the money so advanced constituted all the means, of a pecuniary nature, possessed by the testatrix. That soon after the date of the note she commenced housekeeping in the city of Rochester, and continued so to keep house until the 16th of June, 1847, at which time she became an inmate of the family of the defendant, who was her son, and was furnished with board, lodging and washing, for herself and a minor daughter, then eleven years of age, until the death of the testatrix, which occurred on the 10th day of June, 1851. That on or about the 20th April, 1847, the defendant paid rent of the house in Rochester occupied by the testatrix, to the amount of sixty dollars; and, after the date of the note, made other payments, and advances of money and goods and other things, for and on account of the testatrix; which, together with the price of said board, lodging and washing, and the expenses of the last sickness, and the burial of the testatrix, paid by the defendant, and allowed by the referee, amounted to the sum of $1,322.47. That, of this sum, the value of said

Holmes *v.* Rankin.

board, lodging and washing amounted to the sum of $1,035. The counsel for the defendant offered to prove the amount of interest that had accrued on the price or value of said board, from the time it was furnished, to the time of the trial; to which evidence the counsel for the plaintiff objected, and the referee sustained the objection, and excluded the evidence, and the defendant's counsel excepted. The defendant's counsel then offered to prove the amount of interest which had accrued on said board from the time of the death of the testatrix to the time of the trial; to which the plaintiff's counsel objected, and the referee sustained the objection, and excluded the evidence, and the defendant's counsel excepted. The defendant's counsel then contended before the referee, that the price or value of said board, lodging, &c. should be applied as fast as furnished, upon the note, so as to reduce the amount thereof; but the referee decided that the defendant was not entitled to interest on said board, lodging, &c. to any amount, or for any time whatever; and that he was not entitled to have the price or value of said board, for any period or any time, applied on said note, and refused to make such application, or to allow such interest to the defendant. To which decision of the referee the counsel for the defendant excepted. Whereupon the referee made up his report, by which he allowed the plaintiff the full amount of the note, including interest to the time of the trial, and allowing the defendant only the price or value of said board, lodging, &c. without any interest thereon, or making any application thereof to the said note, until the date of the report; to which the defendant's counsel excepted. The other items of the defendant's claim were allowed, with interest from the time they accrued. The amount reported by the referee, as due from the defendant to the plaintiff, was $1,414.19; upon which report judgment was entered against the defendant at special term. From that judgment the defendant appealed, and the only question was, whether the defendant should have been allowed interest upon that part of his set-off, consisting of boarding, washing, lodging, &c. furnished the testatrix and her daughter.

*Farrar & Chumasero,* for the appellant.

*M. Chapin,* for the respondent.

*By the Court,* WELLES, J.   The general rule has been uniformly understood to be, that interest is not recoverable on unliquidated damages, or for an uncertain demand.   (*Anon.,* 1 *Johns. R.* 315.   *Loitard* v. *Graves,* 3 *Cai. R.* 226, *per Spencer, J.* 234.   *Newell* v. *Griswold,* 6 *Johns. R.* 45.   *Reid* v. *Rensselaer Glass Factory,* 3 *Cowen,* 393 ; *S. C. in Error,* 5 *Id.* 587. *Wood* v. *Hikock,* 2 *Wend.* 501.   *Still* v. *Hall,* 20 *Id.* 52. *Esterly* v. *Cole,* 1 *Barb. S. C. R.* 235.   *McKnight* v. *Dunlop,* 4 *Id.* 36.)   In the case of *Reid* v. *The Rensselaer Glass Factory,* (*supra,*) which was elaborately argued by counsel, and very fully discussed and considered by the court, it was held that interest was not recoverable upon a claim for a salary in favor of the plaintiff's intestate as agent of the defendants, on proof that such salary was worth $1,250 per annum, no agreement having been made as to the amount of the salary, or when the same was payable.   One modification of the rule stated is, that where a debtor is in default for not delivering property at a time specified, in pursuance of his contract, the price or value whereof is not agreed upon, but has to be ascertained by evidence, interest is recoverable upon the value thus ascertained : as where rent was payable annually in wheat, fowls and services, the value of which was unliquidated by the contract, it was held in a late case in the court of appeals of this state, that interest was recoverable as matter of law, upon the value of the property agreed to be delivered and the services agreed to be performed as established by the evidence, from the time the rent fell due. (*Van Rensselaer* v. *Jewett,* 2 *Comst.* 135.)   The same was held in *Lush* v. *Druse,* (4 *Wend.* 313,) and in *Van Rensselaer* v. *Jones,* (2 *Barb. S. C. R.* 643.)   The claim of the defendant in this case for boarding the testatrix and her daughter was in every sense uncertain and unliquidated.   There was no price or time of payment stipulated between the parties, or proof of any usage, and there is nothing stated in the case from which the

Holmes v. Rankin.

court can infer any agreement or understanding as to the price or time of payment. The boarding commenced on the 16th of June, 1847, and continued without interruption, and without any request of payment, or any thing being said on the subject, until the death of the testatrix, on the 10th of June, 1851.

I confess I find it impossible upon principle to distinguish the case from that of *Reid* v. *The Rensselaer Glass Factory*, above referred to. The principles settled in that case have received the sanction of the late court of errors, and have never been since questioned in the courts of this State. The cases of *Lush* v. *Druse, Van Rensselaer* v. *Jones*, and *Van Rensselaer* v. *Jewett*, before cited, proceed upon the ground of an express agreement to pay or deliver by a specified time, and although the pecuniary value of the property to be delivered did not appear in the contract, yet that could be determined by evidence, and when so ascertained, the right to interest thereon would follow. There was an agreement as to what was to be paid, and when, and although there was no value agreed upon, yet the value was capable of being reduced to certainty by evidence. The duty of the party in such case was to pay or deliver as he had agreed. There was no uncertainty in the contract, which contemplated performance by the parties, according to its provisions. The party whose duty it was to pay having made default, the measure of indemnity to the other party was the payment of the value of the property withheld, together with interest. If we say that in this case the law will imply an agreement to pay what the board was reasonably worth, what shall be said about the time of payment? Was payment to be made weekly, monthly, quarterly, or yearly? In the absence of all evidence on the subject, the referee was not authorized to intend either. Besides, the same argument would have been equally applicable in favor of the claim for interest on the wages in the case of *Reid* v. *The Glass Factory*. I think it ought to be regarded as settled upon authority, that in a case like the present, interest is not recoverable.

The judgment of the special term should be affirmed.

[MONROE GENERAL TERM, March 6, 1854. *Welles, Johnson* and *T. R. Strong*, Justices.]