### SUPREME COURT.

HENRY C. ADAMS, appellant agt. THE FORT PLAIN BANK, respondents.

Under a *general retainer* to prosecute an action, the *attorney* may, on *perfecting judgment* in favor of his client, bring an action immediately to recover his *costs* ; and if he neglects to prosecute within *six years* after such judgment is perfected, the *statute of limitations* may be pleaded, and will bar the action.

Although it may be conceded that under a general retainer an attorney on record is not only authorized to prosecute the suit to judgment, but that he may also issue execution and receive the money for which judgment is recovered, and upon the receipt of the money may discharge the party and acknowledge satisfaction of the judgment, yet it cannot be claimed that it is the duty of the attorney under such a retainer, to do more than *perfect the judgment, which is a termination of the suit.*

As between attorney and client, the amount of costs claimed by the attorney must be *liquidated* before *interest* can be allowed.

*Argued at St. Lawrence General Term, Oct.* 1, 1861.
*Decided at Schenectady General Term, Jan.* 1862.
ROSEKRANS, POTTER and BOCKES, *Justices.*

THIS is an appeal by the plaintiff, from a judgment entered in his favor against the defendant, upon the report of Hezekiah Baker, Esq., sole referee, April, 30, 1859, for $78.10 recovery, besides costs.

### Statement of facts under Rule 45.

1st. This action was brought to recover the value of certain professional services and disbursements rendered by Henry Adams, as the attorney and counsel of the defendant in this action, in the four several causes and matters specified under the 1st count of the complaint, and also by Henry Adams and Daniel G. Lobdell as the attorneys and counsel of the defendant in this action, in the seven several causes and matters specified under the 2d count of the complaint.

2d. All the interest of Daniel G. Lobdell in the demands under the 2d count, was duly assigned by said Lobdell to

his co-partner, Henry Adams, and vested in the said Henry Adams as assignee, on the 13th day of April, 1847.

3d. The plaintiff being equitably entitled to pay for a portion of the said demands, became the assignee of all the interest of Henry Adams in those demands, and the sole owner of the same June 7th, 1855. The defendant having refused to pay said demands, the plaintiff commenced this action to recover the same, June 8th, 1855.

4th. Upon the trial before the referee, the plaintiff gave in evidence in support of the demands stated in the first count of his complaint: 1. A copy *narr* upon which the first suit was commenced, but no services were done or disbursements paid or incurred therein subsequent to August 9, 1842. 2. An exemplified copy of the judgment roll in the second suit, for damages, disbursements and costs, filed August 14th, 1849. 3. The taxed bill of costs and the judgment roll in the third suit, for damages and costs, filed June 21, 1850. 4. Testimony in support of the fourth item in the first count, done in 1839. The referee's findings upon those charges are stated in the same order in the 1st, 2d, 3d and 4th paragraphs of his report. He allowed the 2d and 3d without interest, and excluded the 1st and 4th. (*See* 10*th*, *post.*)

5th. In support of the demands stated in the second count, the plaintiff gave in evidence the original taxed bills of costs and duly exemplified copies of the judgment records in those causes, respectively from the first to the sixth inclusive. These records respectively embrace the damages and costs in each cause, and were filed on different days between the 22d of January and the 17th of March, 1847. The charges in the 7th item of the complaint were incurred February 8th, 1847. The referee's findings upon those bills and charges are stated in their order in the 5th, 6th, 7th, 8th, 9th, 10th and 11th paragraphs of his report.

6th. After the plaintiff had thus given all his record evidence, the defendant's counsel admitted the following facts,

to wit : 1. That the attorneys in the respective causes stated in the complaint and in the several exhibits, have never been requested by the plaintiff in such causes to perform any services charged in such bills for prospective services or prospective disbursements. 2. That the said attorneys therein have always been ready to perform those prospective services. 3. That the services charged in those bills for prospective services have never been rendered. 4. That no notice has ever been given to the attorneys, or either of them, that their services were no longer wanted in either cause or matter. 5. Also that the Fort Plain Bank is a corporation organized under the general banking laws, and has been ever since 1839. 6. Also the retainer of the attorneys and counsel in the respective causes and matters stated in the complaint, in this action, by the plaintiff in those causes and matters.

Thereupon the plaintiff rested.

7th. The defendant's counsel then offered to prove that at the time of the assignment to the plaintiff he was an attorney and counsellor and practiced as such in the supreme court, and ever since has been. To this evidence the plaintiff objected upon the grounds that it was immaterial and improper, and that it proved no material fact in and of itself. These objections were overruled by the referee, and plaintiff excepted. The plaintiff then admitted the facts proposed to be proved, but subject to the objections, rulings and exceptions stated.

And thereupon the defendant rested.

8th. The defendant's counsel then insisted that the plaintiff should not recover in this action, on the following grounds : 1. That the plaintiff, being at the time an attorney and counsellor in this court, purchased the demands for the purpose of prosecuting, contrary to the statute in such case made and provided. Also, 2. That all the demands in the first count of the complaint, except the 2d

and 3d items, and all the demands mentioned in the second count, were barred by the statute of limitations.

The plaintiff held the converse of the propositions insisted upon by the defendant's counsel, and insisted, 1. That upon the facts proved and admitted, he was entitled to recover for each and all of the demands set forth in the complaint. 2. That the statute of limitations had no application to demands of the character set forth in the complaint; and 3. That there was no evidence that he had purchased the demands for the purpose of prosecution.

9th. And upon the record and other evidence of the plaintiff, and the admission of facts by defendant's counsel, (*see ante, 6th*,) and the evidence on the part of defendant, (*see ante, 7th*,) and the ground stated, (*see ante, 8th*,) the cause was submitted to the referee.

10th. The referee in his report, from the 1st to the first portion of the 16th and the 17th paragraphs of his report inclusive, has found all the facts stated in the complaint under both counts, (except the amounts claimed, he makes less than the bills and records show were taxed in each cause and matter.) The referee found the services and disbursements up to and including the entry of the respective judgments, as due to the attorneys therein, at the time of entering each judgment, and excluded the charges for prospective services. And the referee therein finds as facts: "That at the time of the assignment, &c. to the plaintiff, he was a practicing attorney and counsellor at law in this state, and that he has continued such attorney and counsellor ever since such assignment." (*And see 7th fact, ante.*) "That none of the items or demands so assigned to the plaintiff and embraced in the complaint, accrued within six years preceding the commencement of this action, except those mentioned in the 2d and 3d paragraphs of this report." (*See 8th, ante.*) These are the only facts found adverse to the plaintiff.

The referee thereupon determined and decided as mat-

ters of law upon the facts found that as to each and every item or demand mentioned in the 1st, 4th, 5th, 6th, 7th, 8th, 9th 10th and 11th paragraphs of his report, the plaintiff could not recover. These embrace the 1st and 4th in the first count, and all the items in the second count. "And that the plaintiff is entitled to recover for the demands in the 2d and 3d paragraphs of the report (being the 2d and 3d in the first count) amounting to $78.10," and ordered judgment for that amount in favor of the plaintiff, with costs. From that judgment the plaintiff appealed to the general term of this court.

HENRY C. ADAMS, *plaintiff, in person.*

I. The referee erred in overruling the plaintiff's objections to the evidence that at the time of the assignment, &c. plaintiff was an attorney and counsellor, &c. (*See ante, fact 7th, and see also 8th and 10th.*)

1st. The statute forbids attorneys and counsellors from buying demands and choses in action, with the intent and for the purpose of bringing any suit thereon. (2 *R. S., m. p.* 288, § 58, [§ 71.])

2d. The impropriety of the evidence is apparent. The proposition of defendant's counsel did not cover the statute by proposing to show an illegal intent or purpose of bringing any suit upon the assigned demands.

3d. Nor did it propose to prove that plaintiff bought the demands. Nor did he in fact buy them, for he was equitably an owner of a part of the demands, and upon good consideration he became the assignee of the whole. He was not, therefore, a purchaser in any sense.

4th. The extent of the injury inflicted upon the plaintiff by this evidence is fully seen in the report. In the latter part of the 16th paragraph (10th, ante,) the referee has found the identical fact referred to; and in the 19th paragraph decided, &c. " upon the facts found," (this being one

of the two findings adverse to plaintiff—*see ante facts,* 10*th*) that plaintiff could not recover upon the 1st and 4th items in the first count, nor any of the items in the second count.

Where the error is in the admission of illegal evidence which bears in the least degree on the result, it cannot be disregarded. (*Morrell* agt. *Parmlee,* 1 *N. Y. R.,* 519.)

Where evidence, bearing with directness and force upon the question at issue, has been erroneously admitted by a referee, a new trial must be granted, although there may be unobjectionable evidence sufficient to sustain his conclusion. (*Williams* agt. *Fitch, adm'r, &c.,* 18 *N. Y. R.,* 546.)

5th. This evidence was given to support the 4th defence, i. e. that at the time of the assignment to plaintiff he was an attorney and counsellor, &c. (*See ante,* 7*th,* 8*th,* 10*th.*)

This defence is peculiar, and if the evidence was in the least degree material, the referee should have disposed of it as a preliminary question. And if, in his opinion, it established the 4th defence, he should have non-suited the plaintiff; otherwise he had nothing to do with it, and he had no right to take it into his deliberations, and render a general decision upon it. (*Orcutt* agt. *Pettit,* 4 *Denio,* 233.)

II. The referee's decision, excluding all the demands except the 2d and 3d, appears to be based in part upon his erroneous finding, to the effect that the statute of limitations, six years, barred those claims; and upon the theory that the relation of attorney and client was dissolved upon the entry of the respective judgments. (*See* 10*th, ante.*)

1st. The records show that the attorney's costs, in the several causes, were included in the respective judgments, and they were liens upon and co-extensive in time with the judgments; hence twenty years, at least, is the period of limitation.

NOTE.—The attorney's lien upon the judgment has long and uniformly been upheld. (*See Rooney* agt. *Second Av. R. R. Co.,* 18 *N. Y. R.,* 368, 369, *and cases cited; Graham's Pr.,* 61, 62, *and cases.*) Does that lien cease after two years, the period limited by statute (2 *R. S.,* 362, § 22) for the attorney to satisfy the judgment; or after the period for issuing execution (2 *R. S.,* 363, § 1; *Code,*

§§ 283, 284;) or after ten years, the period within which *scire facias* must be brought, &c., (2 *R. S.*, 576, § 1-3;) or after twenty years, the period within which an action of debt upon the judgment may be brought? (2 *R. S.*, 301, § 471.) Where is the period of time? We insist that while the judgment is in life, the lien continues as a security for a debt which the client owes to his attorney, and which debt to the attorney is embraced in the client's judgment, as due to him of record; and so long as the client can enforce the judgment for costs as well as damages, so long necessarily the attorney has a lien, and can enforce payment of his costs against his client, and the statute of limitations for any period less than twenty years is no bar to the attorney's claim against his client. (*See Foster* agt. *Jack*, 4 *Watts*, 334-340, *and other cases under this point.*)

2d. The several taxed bills contain charges for not only past and present, but for prospective services and disbursements, (an execution, the sheriff's return, clerk filing the same, and entering satisfaction.) These entered into and made the contract in each case an entire contract, and the attorneys were bound to perform them, and until performed the statute cannot apply.

NOTE.—Upon the terms of the several bills as taxed and entered in the several judgment records, the contract of the attorneys was not simply to obtain judgments, but also to do all necessary services in the collection and satisfaction of the judgments. The contract was entire and continuous, and in short the work contracted for remains unfinished to this day. (*Rankin* agt. *Woodworth*, 3 *Pennsyl.* 48; *McDowell* agt. *Potter*, 8 *Barr.* 109; *Ziegler* agt. *Hunt*, 1 *McCord*, 577; *Martindale* agt. *Faulkner*, 2 *C. B.*, 706; *Walker* agt. *Goodrich*, 16 *Ill.*, 341.)

3d. Nor has there ever been, by any act whatever, a dissolution of the relation of attorney and client in either of those causes and matters, but on the contrary it is apparent that such relation still exists. (*See the admissions of facts, ante, 6th; and the report, 15th paragraph, finds these facts.*)

*a.* Where a client employs an attorney to conduct a suit, it is an entire contract to carry on the suit to its termination, (i. e., the satisfaction of the judgment,) and determinable by the attorney only on reasonable notice; and where no such notice has been given the statute of limitations is no bar to that part of the demand which is for business done more than six years before the commencement of an action by the attorney for business done in the suit, which was not brought to a termination till within six years of the commencement of the action. (*Harris* agt. *Osborn*, 2 *Cromp. & Meeson's Exch. R.*, 629.)

Lord LYNDHURST in that case says : " I consider that when an attorney is retained to prosecute or defend a cause, he enters into a special contract to carry it on to its termination. I do not mean to say that under no circumstances can he put an end to this contract; but it cannot

be put an end to without notice. In this case it is suffi-
cient to say that no notice was given, and therefore, as the
contract was continuous and remained entire, the statute
of limitations is no bar to the action." (2 *Cromp. & M.,*
632; *Rotherry* agt. *Munnings,* 1 *B. & A.,* 17; *Whitehead*
agt. *Lord,* 7 *Exch.,* 691; *S. C.* 11 *Eng. L. & Eq. R.,* 587.)

In the last case held : " An attorney or solicitor retained
in a suit at law or in equity, is bound to carry it on to its
termination, unless he gives a notice that he shall discon-
tinue, if he be not paid or supplied with the necessary
funds, or the client dies; and the statute of limitations
does not begin to run against his right to sue on the bill of
costs, until the happening of one of these events."

*b.* They were not at liberty to abandon them without reasonable cause and notice,
and if they had they would have been liable for the consequences. (*Nichols* agt.
*Wilson,* 11 *M. & W.,* 106; *Mordecai* agt. *Solomon, Sayer's R.,* 173; *Meazies*
agt. *Rodrigues,* 1 *Price,* 92.)

*c.* The attorneys in those causes, having undertaken to collect the debts in those
causes, were bound to sue out a *scire facias,* if necessary, and would be guilty of
negligence for not doing so. (*Dearborn* agt. *Dearborn,* 15 *Mass.,* 316.)

NOTE.—This proves that the relation of attorney and client continues after the
entry of the judgment, and so long as the judgment has vitality the attorney has
duties and responsibilities in the collection of the judgment, or to keep it in life by
*scire facias.*

*d.* The statute of limitations does not commence to run against the claim of an
attorney at law, for professional services, so long as the debt which he seeks to re-
cover for his client remains unpaid. (*Foster* agt. *Jack,* 4 *Watts,* 334.)

In that case the services were rendered in 1819, and the action was brought some
time after Sept. 1, 1831. On the trial the court charged the jury, among other
things: "It is not disputed but that the limitation applies to the second count, and
that it has been properly pleaded by the terms '*non assumpsit infra sex annos,*'
which denies any promise until within six years from the time of the services, what-
ever they may have been, were actually rendered. I am therefore of opinion that
the defendant is entitled to a verdict on the whole of the case."

Every part of the charge was made a specification of error.

In the opinion of the court, GIBSON, C. J., (after noticing a certain modification
of a decision in 4 *Binn,*.) says : "The modification to be noticed is, that his (the
attorney's) right to sue is not necessarily postponed till judgment is had; nor does
it then necessarily arise, especially where money is to be collected, or the judgment
is to be enforced by further proceedings. It may be his duty to expedite an execu-
tion, and attend to the thousand and one matters usually connected with it. When,
then, shall his action accrue, or the statute run? Not before demand be made, or
the professional relation dissolved.

"Great length of time, operating by its natural and not by its prescriptive force,
might perhaps be left to a jury to found a presumption of such dissolution with an

abandonment of the action; but a mere suspension of proceedings from an apprehension that nothing might be got, would be a dangerous ground of inference; for how desperate soever the affairs of a debtor may seem, it is always impossible to say how soon they may be retrieved. If the money were subsequently lost for want of pursuit, might not the attorney be liable for it? The case of the debtor in the actions whose prosecution is the subject of this suit, is an instance of the fallaciousness of appearances. The company had nothing that was accessible to an execution; yet satisfaction to the extent of 48 per cent. has been obtained (i. e. in July, 1831,) by payment to the defendant Jack. The money might have been paid in fact, as it was in law, on the judgments which had, by merger, become the debt; and can it be doubted that the attorney would have had authority to receive it?

"On the principle already indicated, the fact that the judgments did not actually accelerate the payment, is an immaterial one; nor is the fact that the company required them to be vacated before the money was paid, entitled to more consideration. The imposition of terms was an assumption of power for which the managers might have been dealt with by *mandamus;* and no arrangement which they were competent to make with their creditor, could impair the recourse of his attorney to the fund. It is unimportant, therefore, that payment was made directly to the client. * * * Even want of notice jeopards no more than the lien; for the attorney's recourse to the client remains the same."

Judgment reversed, and a *venire de novo* awarded. (*Foster* agt. *Jack, pp.* 339, 340.)

*e.* In short, the English and American authorities show that the statute of limitations does not begin to run against the claim of an attorney, for professional services, until his duties and liabilities are at an end, and he no longer acts in that matter. (2 *Parsons on Cont's,* 2d ed. 374, *and cases cited in note e.*)

*f.* But the attorney may terminate his professional relation at his own pleasure (if he thereby does no wrong to his client,) and demand payment of his bill; and the statute then begins to run. (2 *Parsons on Cont's,* 2d ed., 374, (*f*); *Van Sandau* agt. *Browne,* 9 *Bing.,* 402; *Harris* agt. *Osborn, C. & M.,* 629; *and see the case of Davis* agt. *Lowndes, where the attorney was changed, by rule of court, after final judgment;* 3 *Com. B. Rep.,* 808.)

NOTE.—Why changed, if the attorney's connection ceased upon the entry of the judgment, as was claimed by the defendant and decided by the referee? And if the attorney may be changed after final judgment, within what time may the change be made? May it be within the two years, or the five years, or the ten years, or the twenty years, referred to in the first note? (*ante,* 50.) Has the law defined the point of time within which the change may be made? We insist that it may be at any time within the life of the judgment and the existence of the attorney's lien for his costs; and this being so, the relation of attorney and client necessarily continues, and the statute of limitations is no bar to an action brought by the attorney during the life of the judgment, or at least under the circumstances of this case, (*stated ante,* 6th,) to recover his costs of his client.

4th. The plaintiff in those causes and matters has done no act tending to dissolve the professional relation therein. Nor was it so claimed on the trial; for the defence was absorbed and brought down to two points, (*stated ante,* 8th) and every other defence or pretence, if any ever existed,

Adams agt. Fort Plain Bank.

must be deemed to have been abandoned on the trial ; and, taken in connection with the six facts admitted on the trial, it is apparent that the professional relation existed, at least, up to that time in all those causes and matters. (*See facts admitted, ante, 6th; grounds of defence, ante, 8th, and the authorities above cited.*)

5th. Nor could such professional relation be dissolved (except by consent) without leave of the court, or a judge's order, on payment of the attorney's costs, and a rule entered and notice given. (*See Graham's Pr.*, 48, 49, *and cases there cited; and see Walcott* agt. *Vouchee*, 3 *Bing. R.*, 423 ; *Davis* agt. *Lowndes*, 3 *Com. B. R.*, 808 ; *Oats* agt. *Woodward*, 1 *Salk.*, 87, *pl.* 6 ; *May* agt. *Pike*, 4 *M. & W.*, 197.)

These principles and authorities prove the utter nonsense of the 18th paragraph of the report and the decision so far as it is based upon it. (*See ante, 10th.*)

NOTE.—They prove also that notwithstanding the entry of a judgment, the attorney is still charged with duties, responsibilities and liabilities so long as the judgment has vitality, unless the relation of attorney and client be dissolved by some affirmative act of the parties, and sanctioned by a rule of court, and notice given of the change of attorneys.

The judgment creditor can collect the costs of the judgment as well as his own damages, at any time within the twenty years, for the judgment is entire and indivisible. Shall he have that benefit and the benefit of the statute of limitations (six years) against his attorney, whose costs are in *his* judgment, and thus " run away with the fruits of the cause, without satisfying the legal demands of his attorney, by whose industry and expense those fruits were obtained," and at the same time hold the attorney to the duties, responsibilities and liabilities stated in the cases cited? Such dishonest and pernicious principles cannot be upheld, or meet the sanction of any court not blinded by self-will, passion or prejudice.

III. The referee, in the 19th paragraph of his report, has ordered judgment for the plaintiff for $70.10 and costs based on his 2d and 3d findings, but this is all wrong as to the amount due :

1st. In the 2d paragraph he finds due Aug. 14, 1849, and entered in judgment   -   -   -   -   -   $5 78
He should have allowed interest 9 yrs. 6 mo.  -        2 98

Due at date of report   -   -   -   -   -   $8 76

2d. In the 3d paragraph he found due June 21, 1850,

Adams agt. Fort Plain Bank.

$72.32.   It is difficult to perceive by what process he has arrived at that amount.

The bill (*Exhibit No.* 3) was taxed June 21, 1850, at

|  |  |  |
|---|---|---|
|  | $71 | 20 |
| Deduct interest on the verdict - - - - | 1 | 56 |
|  | $69 | 64 |

and the same was entered in the judgment June 21, 1850.

| Deduct the witness fees, referred to at fol. 151, - | 15 | 00 |
|---|---|---|
| Amount due on the taxed bill - - - | $54 | 64 |
| Add the counsel fee - - - - - | 25 | 00 |
| Amount due June 21, 1850 - - - - | 79 | 64 |
| Interest 8 yrs. 7 mos. 23 d. - - - - | 48 | 12 |
| Due at date of report - - - - - | $127 | 76 |

It is evident that the referee has deducted the $5.00 in question.   That was taxed by the proper taxing officer and entered in the judgment, and the plaintiff therein has the benefit of it.   The referee had no right to assume the functions of a taxing officer.   But the greatest error of the referee was in disallowing the interest claimed and actually due.

| Taking his allowance as due June 21, 1850 - - | $72 | 32 |
|---|---|---|
| Add interest to the date of report, Feb. 14, 1859, 8 yrs. 7 mos. 23 d. - - - - - - - | 43 | 77 |
| Due at date of report - - - - - | $116 | 09 |

IV.   The defence was narrowed down to the two grounds of objection to plaintiff's right to recover, (*stated ante, fact 8th,*) and which were an abandonment of everything else. There can be no new element of defence engrafted upon the record; and as the cause was submitted to the referee upon the grounds stated by the respective counsel, (*ante, fact 9th,*) and which, on the part of the plaintiff, embraced

all the facts proved and admitted, this appeal must be disposed of upon the strength and tenability of those grounds, and the principles insisted upon in these points.

The report of the referee should be set aside and a new trial ordered, costs to abide the event.

GEORGE YOST and GEO. M. BECKWITH, *for defendant.*

By the court, ROSEKRANS, Justice. As all the demands which are the subject of this action were included in one assignment to the plaintiff, and are all equally subject to the objection that they were purchased by an attorney and counsellor of this court for the purpose of prosecution, the fact that the referee reported in favor of the plaintiff as to a part of such demands and against him as to others, shows conclusively that he did not regard the objection as having any force. It is apparent that he regarded the fact that plaintiff was an attorney and counsellor of this court when the assignment was made, as wholly immaterial, and that it would not and did not, in any degree, influence his decision. The point made upon the admission of evidence of the fact is, therefore, not well taken.

The decision of the referee was put solely upon the ground that all the demands sought to be recovered, except those mentioned in the 2d and 3d paragraphs of his report, which accrued in August, 1849, and June, 1850, were barred by the statute of limitations.

The principal, if not the only question for the consideration of the court is, whether the ruling of the referee is correct. The demands which the referee held were barred by the statute, with the exception of charges amounting to about $40, for drawing papers and similar services performed in 1839 and 1847, not relating to any action, were the taxable costs in suits prosecuted by the plaintiff's assignors as the attorneys of the Fort Plain Bank. These costs were included in judgments entered up in those suits

in favor of the bank, in the years 1842 and 1847, with the exception of $11.55, which were costs in a suit which the referee finds was commenced in 1842, and in which no services were performed after that date.

The plaintiff charges these costs as due to him on the 10th August, 1842, and thus concedes, I think, that the suit was at an end in some way at that date, and the relation of attorney and client in that suit dissolved. As to this latter item, there can be no question but that it is barred by the statute in the same manner as the charges for drawing papers, &c., amounting to $40, above referred to. As to these items, the cause of action accrued more than six years before this action was commenced. As to the other items, those for taxed costs included in the judgments entered up in favor of the bank, the plaintiff claims that they are not within the statute, for the reason that the relation of attorney and client was not dissolved by the entry of the judgment; that as the bills of costs contained charges for prospective services and prospective disbursements to be incurred when those services should be performed, they entered into and formed a part of the contract between the attorney and the client; that the contract was entire, and that the attorney was bound to perform such prospective services, and that the statute did not begin to run until they were performed. This position cannot be maintained, and the argument to support it is fallacious. Upon a general retainer in an action, an attorney is employed to prosecute or defend it for the purpose of obtaining a final judgment therein in favor of his client. His general authority, in the absence of evidence to show that his retainer is for a different purpose, is not presumed to extend beyond the termination of the suit. A final judgment is such a termination. The definition of it is, that it is a judgment which puts an end to the suit; and when this end and final determination of the suit is reached, the attorney's work under a *general retainer* is done, and he

may demand payment for his services.  It would be no
answer to such demand for the client to say, " You have
not yet issued execution upon the judgment."  The conclu-
sive reply of the attorney would be, that the client is not
bound to issue an execution in the attorney's name, but
may employ any other attorney to issue it.  It may be con-
ceded that under a general retainer an attorney on record
is not only authorized to prosecute the suit to judgment,
but that he may also issue execution and receive the money
for which judgment is recovered, and upon the receipt of the
money may discharge the party and acknowledge satisfac-
tion of the judgment.  (*Stewart* agt. *Biddlecome*, 2 *Coms.
R.*, 106, *and cases cited.*)  But it cannot be claimed that it
is the duty of the attorney, under such a retainer, to do
more than perfect the judgment.  Under a special retainer
to collect the debt his duty might be different.  In *Harris*
agt. *Osborne*, (2 *Cr. and M. R.*, 629,) Lord LYNDHURST said :
" When an attorney is retained to prosecute or defend a
cause, he enters into a special contract to carry it on to its
termination."  And in *Rothers* agt. *Manning*, (1 *B. & Ad.*,
15 ; 20 *E. C. L. R.*,) Lord TENTERDON said : " When a suit
is terminated by a sentence, there is no doubt that a proc-
tor has a right to call for the amount of his bill ; his duty
is then concluded.  As, therefore, the plaintiff's right of
suing on the items in question *accrued at the time of the
judgment*, and was not enforced within six years, he is not
entitled to recover."  In *Whitehead* agt. *Lord*, (11 *E. L. &
Eq. R.*, 588,) PARKE, B., says : " An attorney cannot sue for
his bill *until the termination of the suit*, subject to the ex-
ception stated in *Harris* agt. *Osborne*"—clearly implying
that he may sue upon the happening of that event.  In 2
*Pars. on Con't*, (373,) it is said that the statute of limita-
tions begins to run if the services of the attorney are in
any way brought to an end, because he can bring an action
for his services at once.  There can be no doubt, I think,
that under a general retainer to prosecute an action, the

Adams agt. Fort Plain Bank.

attorney may, upon perfecting judgment in favor of his client, bring an action immediately to recover his costs, and that if he neglects to prosecute within six years after such judgment is perfected, the statute of limitations may be pleaded, and will bar the action.

If the position assumed by the plaintiff were correct, that the contract between his assignors and the bank was entire, and included the performance of the prospective services and the making of the prospective disbursements which are charged in his bills, the action must necessarily fail, and the judgment should be reversed, for the reason that it appears that none of those services have been performed or disbursements paid or incurred.

The plaintiff insists that the judgment is erroneous, for the reason that the referee has allowed no interest upon the demands allowed by him in the 2d and 3d paragraphs of his report. We think there is no error in this omission to allow interest. The demands were unliquidated until the report was made, as between the attorney and client. The fact that the costs and disbursements were taxed and included in judgments, furnished no evidence in favor of the attorney in an action against his client that the disbursements charged were expended or incurred by the attorney. The value of the counsel fee charged in the action against Gilbert and others was never fixed until the time of the trial. The referee made a correct computation of the amount due in the last mentioned suit.

The bill of costs was admitted to have been adjusted in that case at - - - - - - $69 64
To that sum he probably added counsel fee - 25 00

Making - - - - - - - $94 64
And from this sum deducted all the items in the bill on page 27 of case, after the charge " postage on costs to clerk 5, ans. 5," except the last three, which in the aggregate amounted to - 22 32
Thus leaving the amount reported - - - 72 32

These items were properly deducted, as they were for prospective services and disbursements, and for witnesses' fees and travel, not shown to have been paid or incurred by the attorneys.

We think there is no error in the judgment, and that it should be affirmed, with costs.

POTTER, Justice.   1st. There is no evidence in this case whether or not the *judgments* upon which the costs sued for accrued, have ever been paid.   If the professional relation exists between attorney and client, it exists between the client and the attorney in the *action*, and does not follow the debt by an assignment of it.   This relation is a confidential one, existing by mutual consent, and is not a matter that can be transferred by one party without the consent of the other.   Without the consent of the client or his successor, and an order of the court obtained and rule entered thereon, the confidential relation, if not previously dissolved, or ended by the lapse of time, *still continues.*   If the prospective services charged for are needed by the client, and there is any liability to perform them, he can *still* call upon his *attorney,* if living, to perform those services, and is not obliged to transfer his confidence and accept of such assignee as his attorney has chosen to select. The right to perform these prospective services, therefore, in the action where the costs have been assigned, is no right that has been assigned to, or that belongs to the plaintiff in this action.   He has taken, by the assignment, only that part of the debt for which the attorney who performed the services in the action could have sued his client. If the attorney, or attorneys, who performed the services had now sued their clients on these demands, it will hardly be contended that they could have recovered for that portion of prospective services which they had *not* performed. If the report of the referee is in other respects correct,—if it allows the plaintiff for the prospective costs in the action

in which any allowance has been made by him—the report to that extent would have been error, if it had been excepted to by the defendants. I have examined this point in the case only because the plaintiff insists that the prospective services remaning unperformed, the contract between client and attorney is still running, unaffected by the statute of limitations. In this he is mistaken. Even the *retained* attorney of the *party* loses his powers to act by lapse of time—to do certain acts in relation to the judgment. The statute prohibits him from acting as attorney in satisfying the judgment after two years from the time of filing the record, (2 *R. S.*, 362, § 22 ; *vol.* 3, *5th ed.*, 640 ;) and another, against issuing an execution after five years. (*Code*, §§ 283, 284.) These are *limitations* of power ; and it may be doubted whether within the period not as above prohibited, the attorney, without special direction, would act *properly* by the exercise of his powers, without positive directions.

Limitations of the time to bring *actions* are created by and derive their authority from statute. The statute is expressed in *general terms*, and includes *all* actions upon contract obligation, or liability, express or implied.

On principle, there is no more reason why the statute should not apply to an *attorney's* bill than to any other contract, after the termination of the service upon which the demand arises ; and this, it seems to me, is the only question upon this point to be determined. Were these several actions in which the costs are claimed, brought to a determination six years before the commencement of this action ? The case, stripped of all unnecessary drapery, is this : The plaintiffs in those several judgments desired an attorney to perform for them a professional service. In the absence of any express agreement, the law implies that the attorney is entitled to his compensation when that duty is performed. What was that duty ? It was to obtain judgments upon the demands prosecuted. When so obtained,

that duty was performed. Did the plaintiffs in those actions want more than that ? If they did, it was doubtless their right to demand it; and the attorneys therein had provided against this future contingency by their prospective charges taxed or adjusted in their bills. If the plaintiffs did *not* desire this future duty, there was already an end to the service. The attorney's implied promise to perform, like any other promise, was also subject to the statute of limitations, and if not demanded within *six* years, he was not bound to perform it. If it was the attorney's duty to perform further service without demand, then there is no evidence in the case of his performance of this duty. If the client in all that time neither paid him for what he had done, nor tendered him pay for the future, he owed the client no further duty. The obligations are, and should be, reciprocal. If the statute applies against one, it applies against the other. That has been adjudged. It was held in *Stafford* agt. *Richardson*, (15 *Wend.*, 302,) that the attorney owed no duty to his client at the end of six years—not even to the extent of liability to pay over the money he had collected for his client in the action—and that the statute of limitations (immoral and disgraceful as it would seem to be, that an attorney should claim its advantages,) was held to be a good bar, when set up by the attorney, against such a demand by his client. If an attorney is allowed such dispensations in his own favor, I can see no good reason why he should not be subject to the same rule against him.

As a general rule, in elementary authority, as to the period from which the time is to be calculated, it is *from the time when the creditor could have commenced the action.* (2 *Parsons on Con't*, 370, 372.) When was this period in the case before us ? Was the attorney, after perfecting judgment for his client, bound to wait for years to see if the client would direct him to earn the prospective charges ?

Adams agt. Fort Plain Bank.

The cases cited by the plaintiff to show a different rule, do not establish his proposition. Parsons says, (*vol.* 2, 373,) " The statute does not begin to run against the claim of an attorney for professional services until he no longer acts in that matter as attorney." These dates, from which he longer acted, the referee has given, in each of the cases, where costs are claimed. We may imply that the statute then begins to run. If this is the period, the referee has correctly held upon that point. Some of the cases cited by the plaintiff are more unfavorable to him than the rule is stated in Parsons. In the case of *Vansanden* agt. *Brown.* (9 *Bing.*, 402,) the holding is, that the attorney is not compelled to wait the end of the suit before he can proceed against his client to recover his costs. So the case of *Whitehead* agt. *Lord,* (*cited from* 11 *Eng. L. & E.*, 587,) holds no doctrine contrary to this. The suit in that case was depending—had not been brought to a decision and decree; and it was correctly held that the first costs incurred in the action, though it had been permitted to rest more than six years, were not barred. The contract was entire, and Parke, Baron, said the attorney could not bring his action till the termination of the suit. Though it was conceded that there were exceptions to that rule, yet it was not denied that *at* the termination he could sue. Nor does a case that I have found hold to a different rule. I think the referee correctly decided this point. No errors have been committed, that I can perceive, upon this point, against the plaintiff.

Judgment should be affirmed.

[It is understood that the plaintiff has brought an appeal in this case to the court of appeals.]