By the Court.—Loew, J.
As the plaintiff in this action denies that he ever made the agreement, testified to by defendant,—that he would charge only the taxable costs for his services,—and as the referee found in his favor on that point, it became immaterial whether all the charges on the bill of particulars were strictly taxable or not.
Under the Code, an attorney, in the absence of an express agreement as to his compensation, is entitled to what his services are reasonably worth (Garr v. Mairet, 1 Hilt., 498; Stow v. Hamlin, 11 How. Pr., 452.
The plaintiff testified that he never made any agreement with defendant other than that he should charge him as lightly as he could.
On the trial, the charges in the bill of particulars appears to have been referred to and used, simply as a basis or criterion, for the of assisting in ascer *242 taining what would be a fair and reasonable compensation (in addition to the counsel fee charged) for the services rendered by the plaintiff in the several causes and matters specified in the bill of particulars.
No error appears to have been committed by the referee in his ruling, in respect to that question, except, perhaps, as to the suit of Waring v. Ayres.
With regard to the latter suit, I think the referee erred in allowing the plaintiff more than taxable costs, as he himself admitted when he was recalled, that that was an exceptional case, in which he advised a settlement, and told the defendant that he would take the taxable costs for his services therein.
I am also of the opinion, that the referee erred in the allowance of interest.
The general rule is well settled, that on an unliquidated account for goods sold, or work, labor and services rendered, no interest can be recovered, unless there is an agreement, express or implied, to that effect, or a time of payment has been fixed (Holmes v. Rankin, 17 Barb., 454; Adams v. Fort Plain Bank, 23 How. Pr., 45; Reid v. Rensselaer Glass Factory, 3 Cow., 393; 5 Id., 587; Wood v. Hickok, 2 Wend., 501).
I am aware that the court of last resort reversed the judgment in Adams v. Fort Plain Bank {supra), for the reason that interest should have been allowed (36 N. Y., 255).
But the decision was put on the ground that the referee had found as a fact that the indebtedness existed in a fixed amount, and accrued on certain specified days, long before the action was brought; and the court held that the finding of the referee wrs conclusive, and that they would not inquire how the indebtedness arose.
Now, in the case under consideration, there was no such finding by the referee.
*243 Here the account was mutual, running and unliquidated, and open to inquiry before the referee.
The evidence was conflicting as to what plaintiff’s compensation was to be, and it could not, therefore, be known what amount he was entitled to, till found and reported by the referee ; nor does it appear that any specified time for payment had been agreed on by the parties.
As interest can only be computed on the amount when ascertained, it should not have been allowed on any thing, except the disbursements paid by the plaintiff ; and as to those advances, I am inclined to think he was entitled to interest from the time when they were respectively made (Reid v. Rensselaer Glass Factory, supra).
The judgment should, therefore, be reversed, and a new trial granted, unless the plaintiff should elect to reduce the amount of the judgment in accordance with the preceding views, in which case, the judgment should be affirmed, without costs of appeal.*
Chas. P. Daly, Ch. J., and Yah Brunt, J., concurred.

 After the delivery of the above opinion, the plaintiff stipulated to reduce the judgment, in accordance with the decision of the court, by deducting therefrom the sum of three hundred and eighty-eight dollars and thirty-nine cents, interest, which had been included therein ; and the further sum of two hundred and eighty dollars, counsel fees in the case of Waring v. Ayres,—in all, six hundred and sixty-eight dollars and thirty-nine cents.
Subsequently, the defendant appealed to the court of appeals, where, in November, 1871 the judgment was in all things affirmed.