ALMERIN GALLUP, APPELLANT, *v.* GEORGE H. PERUE, RESPONDENT.

*Action for professional services — unliquidated demand — allowance of interest upon.*

In an action by an attorney against his client, to recover for professional services rendered by him, no bill having been presented and the demand being unliquidated, interest cannot be allowed upon the amount of the recovery from the time of the rendition of the services.

The statute fee-bill, although evidence bearing upon the question as to the value and amount of the services rendered, does not determine the question as between attorney and client.

*Van Rensselaer* v. *Jewett* (2 N. Y., 135) and *Adams* v. *Fort Plain Bank* (36 N. Y., 261) distinguished.

APPEAL from a judgment of the County Court of Schoharie county, reversing a judgment of a justice of the peace of that county in favor of the plaintiff.

*J. H. Clute*, for the appellant.

*N. P. Hinman*, for the respondent.

BOOKES, J. :

The action was brought to recover for professional services as attorney and counsel, with a small claim in addition for disbursements. The services were rendered in the defense of an action brought against the defendant, which terminated by trial in October, 1863. This action was commenced in September, 1869. No bill was presented to the defendant, and the claim remained unliquidated until the trial of this action, when a recovery was had, as on a *quantum meruit*, for work, labor and services, and interest was allowed on the assessed value of the services from October, 1863. The question here raised is as to this allowance of interest. The services were all performed under one retainer, but the demand for the services remained unliquidated, to be determined on proof of value, as no rate of compensation had been agreed upon between the parties. The statute fee-bill, although evidence bearing on the question, does not determine the value and amount as between attorney and client. (*Stow* v. *Hamlin*, 11 How., 452; *Moore* v. *Westervelt*, 3 Sandf., 762; *Garr* v. *Mairet*, 1 Hilton, 498; *Hadley* v. *Ayres*, 12 Abbott [N. S.], 240; *Easton* v. *Smith*, 1 E. D. Smith, 318.) The suit was therefore on *quantum meruit*, for work, labor and services. It was decided a half century since in *Reed* v. *Rens. Glass Factory* (3 Cow., 393) that interest was not allowable on an unliquidated claim for work, labor and services. This rule has been uniformly adhered to in all the courts of this state. (*Van Beuren* v. *Van Gaasbeck*, 4 Cow., 496; *Holmes* v. *Rankin*, 17 Barb., 454, and cases cited by WELLS, J., on page 456; *McMahon* v. *Erie R. R. Co.*, 20 N. Y., 463; *Hadley* v. *Ayres*, 12 Abbott [N. S.], 240; *Godfrey* v. *Moser*, 10 S. C. N. Y. [3 Hun], 218.) In each of the last two cases cited, the claim, like this now under consideration, was for professional services by attorney and counsel, and inasmuch as the recovery rested on a *quantum meruit*, it was held that interest was not allowable. The decisions in *Smith* v. *Velie* (60 N. Y., 106), and in *McCollum* v. *Seward* (62 N. Y., 316), accord with those above cited. The remarks of GROVER, J., in *Smith* v. *Velie*, on page 111, are in point here. The cases relied on by the plaintiff's counsel are *Van Rensselaer* v. *Jewett* (2 N. Y., 135) and *Adams* v. *Fort Plain Bank* (36 N. Y., 261). But the decision in those cases depended upon the peculiar facts disclosed in

them. In the former there was an express agreement to deliver certain specified property as rent, at a fixed time and place. Interest was allowed on the established value of the property by way of damages for a breach of the express agreement. This peculiarity in that case is noted by WELLS, J., in *Holmes* v. *Rankin* (17 Barb., on page 457), and by SELDEN, J., in *McMahon* v. *Erie R. R. Co.* (20 N. Y., on page 469). Judge SELDEN there points out the distinguishing feature of that case on the facts, and adds by way of caution, that the case went as far as was reasonable and proper to go in the allowance of interest on a demand, the amount of which was left to proof of value at the trial. The case of *Dana* v. *Fiedler* (12 N. Y., 40) is of the same character as that last cited. In *Adams* v. *Fort Plain Bank* effect was given to the finding of the referee that certain specified sums were due and owing at the time stated. So it was held that interest was allowable from such times. The finding of the referee as to this fact was a marked feature in this case, and controlled its decision on the question of interest. The Court of Appeals could not go behind the finding of fact, but was bound to accept it as a determination that the sums stated had become liquidated at the times fixed by the referee. GROVER, J., in *Mygatt* v. *Wilcox* (45 N. Y., 306), as I understand his opinion, vindicates the decision in *Adams* v. *Fort Plain Bank*, on the ground that the claim had become liquidated. (See also opinion in *Hadley* v. *Ayres, supra.*) It was not intended, as I think, to overrule or question the numerous cases above cited, or any of them, by the decision in *Adams* v. *Fort Plain Bank*. This is made apparent, I think, by the more recent cases above cited. (*Smith* v. *Velie*, 60 N. Y., 106; *Hill* v. *Burke*, 62 id., 106.) Thus it seems that neither *Van Rensselaer* v. *Jewitt*, nor *Adams* v. *Fort Plain Bank*, justify the allowance of interest in this case. The justice was, therefore, in error in allowing interest on the plaintiff's unliquidated claim for work, labor and services, and the judgment was for that reason properly reversed by the County Court.

Judgment of County Court affirmed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.