ELIZABETH DE WITT, Respondent, *v.* PETER DE WITT, as Executor, etc., of HARRIET MOREY, Deceased, Appellant.

*Evidence — in an action brought to recover the reasonable value of services as a nurse — testimony as to the scale of prices fixed by the nurses of training schools, not admissible.*

Upon a reference of a disputed claim, made by the plaintiff for nursing and caring for the defendant's testatrix, under an agreement that she should be reasonably paid for so doing, a witness, called by the plaintiff, having stated that a scale of prices had been fixed by nurses in the New York Hospital, was asked and allowed, against the objection and exception of the defendant, to

state, in answer to the question, "What are the prices?" that "the prices established by several of the principal training schools vary from twenty to twenty-five dollars per week, according to whether the case is contagious or non-contagious; the board is also expected and also the washing of the nurse."

*Held,* that the evidence was inadmissible.

That as her claim was unliquidated she was not entitled to recover interest on the value of the services as fixed by the referee.

*Holmes* v. *Rankin* (17 Barb., 454); *Smith* v. *Velie* ( 60 N. Y., 106) followed.

APPEAL from a judgment entered upon the report of a referee, and from an order confirming such report, and an order granting costs to the plaintiff.

*John P. Reed,* for the appellant.

*H. M. Whitehead,* for the respondent.

DANIELS, J.:

The report was made and the judgment has been entered upon a claim presented by the plaintiff to the defendant for the sum of $1,130, and referred under the statute. It was for nursing and caring for the testatrix in the years 1884 and 1885. No agreement was at any time made between her and the plaintiff, for the payment of any fixed sum, which the latter should receive for these services. But the evidence tended to show that it was agreed that she should be reasonably paid, and upon the hearing before the referee evidence was given on the part of the plaintiff to prove the value of the services rendered by her and also by her sister acting for her, in the care and nursing of the testatrix. During the trial it was stated by the witness, John P. Crowell, that a scale of prices had been fixed by nurses in the New York Hospital. He was then asked by the counsel for the plaintiff, "What are the prices?" This was objected to as irrelevant, but the objection was overruled and an exception taken on the part of the defendant. The witness then added, "The prices established by several of the principle training schools vary from twenty to twenty-five dollars per week, according to whether the case is contagious or non-contagious; the board is also expected, and also the washing of the nurse." The witness was then asked whether the services rendered by the claimant in this case were such as would enable him to say whether or not they were equal in character and skill to those which would be rendered by a trained nurse, and he added that they were.

This latter evidence was introduced to render the prices fixed by the New York Hospital nurses applicable to this case as evidence in favor of the claim made by the plaintiff, and from its effect the referee was enabled to apply the prices so fixed by the nurses, as evidence supporting the claim made by the plaintiff in the proceeding. But what the nurses in the New York Hospital had fixed as prices for the services of nurses, was not admissable evidence tending to prove the value of those for which compensation was claimed upon the trial. As to this claim, what they had done was merely the expression of their unsworn conclusions concerning the value of such services, while the defendant was entitled to have their value proved by testimony elicited under the solemnity of an oath, and to have the witnesses from whom it might be obtained, subjected to the right of cross-examination. Neither he nor the testatrix had in any form agreed to become bound by any scale of prices which those nurses had in their judgment fixed, and what they had done towards fixing or adopting a scale of prices could have no relevancy or effect upon the trial concerning the measure of compensation which the plaintiff was entitled to receive. As to this dispute, this evidence consisted in the unsworn statements or conclusions of the nurses of the New York Hospital, and no rule of evidence has been referred to permitting this description of testimony to be received to support the plaintiff's claim in such a contest as this.

The evidence cannot be dismissed as harmless, for the residue of the testimony of the witness was given in such a manner as to render that scale of prices applicable to the compensation claimed by the claimant..

Her claim in the proceeding was unliquidated. It depended wholly upon the valuation which should be shown to be reasonable for the services appearing to have been rendered. And to the amount of such a claim, as it may be found to be finally established, interest has not been permitted to be added. This was very fully considered in *Holmes* v. *Rankin* (17 Barb., 454) where this rule was held to be supported by the authorities, and so it was in *Smith* v. *Velie* (60 N. Y., 106). The error however in the allowance of interest might be corrected by deducting the amount from the report of the referee, if that was all that had erroneously taken

place in the hearing and decision of the claim. But that which was caused by the admission of this illegal testimony can be no otherwise corrected than by ordering a further hearing or trial in the proceeding, and for that reason the judgment should be reversed as well as the order confirming the report of the referee and the report set aside and a new trial should be ordered with costs to the appellant to abide the event. As that will also dispose of the order allowing costs, no discussion of the plaintiff's right to costs can now be necessary.

Van Brunt, P. J., and Bartlett, J., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.