THE PEOPLE, *ex rel.* Kellogg, *vs.* SCHUYLER and others.

The sureties of a sheriff are liable on his official bond only for acts done *virtute officii*, and not for those committed *colore officii*. They are not accountable for a trespass committed by the sheriff in taking property not directed to be taken by process.

As to such an act, the sheriff has no protection from his process; and it does not change the character of the wrong that he committed it *colore officii*. He stands in the same position as if he had acted without process.

The sureties in a sheriff's bond are not liable for a trespass committed by the sheriff in seizing the goods of a third person, upon an attachment issued against the property of an absconding debtor, and for refusing to deliver such goods to the claimant after a jury have found the property to be in him, and the attaching creditor has executed a bond of indemnity to the sheriff.

The duty of sheriffs is the same on attachments that it is on executions. In both cases the sheriff is bound to keep possession of the property, if indemnified, although the jury may have found the title to be in a third person.

THIS was a suit brought to recover upon the official bond of Cornelius Schuyler, former sheriff of Rensselaer county. The bond was in the penalty of ten thousand dollars, dated January 13, 1840, with the following condition: " Whereas the above bounden Cornelius Schuyler hath been elected to the office of sheriff of the county of Rensselaer, at the general election

The People *v.* Schuyler.

held therein, on the sixth, seventh, and eighth days of November, 1837. Now therefore the condition of the above obligation is such that if the said Cornelius Schuyler shall well and faithfully in all things perform and execute the office of sheriff of the said county of Rensselaer, during his continuance in the said office, by virtue of the said election, without fraud, deceit and oppression, then the above obligation to be void, or else to remain in full force." The bond was executed by Schuyler, and by Heartt and four others as sureties. The plaintiff assigned for breach that on the 11th of June, 1840, an attachment, issued on the petition of Thomas McVity, against the property of one Dexter M. Fay, as an absconding or concealed debtor, was delivered to the said Schuyler as such sheriff to be executed, and that by virtue thereof, the said Schuyler as such sheriff claimed to seize, and did seize the property of William A. Batchellor. That the property being claimed by the said Batchellor, the said sheriff summoned a jury to try the said claim, who found the property to be in the said Batchellor; whereupon, to prevent the sheriff delivering the property to said Batchellor, the said attaching creditor executed a bond with sureties to said sheriff, by which he indemnified him for the detention of the property, and that said sheriff accordingly detained the property. That thereupon the said Batchellor brought an action of trespass against the sheriff for taking away said property, and on the 2d of Sept. 1842, he recovered a judgment for $2290,05, damages and costs. The declaration contained also averments of the death of Batchellor; of the granting of letters of administration to Kellogg; of permission granted, on scire facias, to issue an execution; of the issuing of a fieri facias, and a return of nulla bona; of the insolvency of Schuyler; and of leave granted by the court to prosecute his official bond. The defendant demurred, on the ground that no sufficient breach of the bond was shown in the declaration.

*Job Pierson,* for the plaintiff.

*Samuel Stevens,* for the defendant.

The People *v.* Schuyler.

*By the Court,* PARKER, J.  The statute declares in what cases the official bond of a sheriff may be prosecuted.  (2 *R. S.* 2*d. ed.* 390, § 1.)  These are only where he has become liable for an escape, or where he has been guilty of some default or misconduct in his office.  The condition of the official bond is, that he shall well and faithfully perform and execute the office of sheriff, without fraud, deceit or oppression, &c.  I think it must now be considered as settled, in this state, that the sureties of a sheriff are liable on his official bond only for acts done *virtute officii,* and not for those committed *colore officii.*  They are not accountable for a trespass committed by him in taking property not directed to be taken by process.  As to such an act the sheriff has no protection from his process; and it does not change the character of the wrong that he committed it *colore officii.*  He stands in the same position as if he had acted without process.

The law on this subject was very fully examined by Mr. Justice Cowen, in *Ex parte Reed,* (4 *Hill,* 572.)  In that case there had been a recovery in trespass, against the sheriff, by a person not a defendant in the execution, for goods seized by the deputy under a *fi. fa.:* and the judgment not having been satisfied, an application was made for leave to prosecute the official bond of the sheriff, which was refused.  The court held that the condition of the bond did not extend to a trespass committed by the sheriff, or his deputy, in seizing the goods of a third person; that such an act was not in the performance and execution of his office.  The case of *Carmack* v. *The Commonwealth,* (5 *Binn.* 184,) cited on the argument before us, by the plaintiff's counsel, is there commented on and questioned.

But it is claimed by the plaintiff's counsel, that there is a distinction to be taken between the case we are considering and *Ex parte Reed,* because on an attachment the sheriff is required by statute, (1 *R. S.* 2*d ed.* 767, § 11,) to retain the property, if indemnified, notwithstanding it may have been found by the jury to be the property of the claimant.  No such difference, however, exists.  The law is the same in regard to property seized on a *fieri facias.*  (*Curtis* v. *Patterson,* 8 *Cowen,* 67.)

And I think the provision of the revised statutes last above referred to, which is not found in the act of 1813, was inserted for the purpose of making the duty of sheriffs the same on attachments that it is on executions. (*Batchellor* v. *Schuyler*, 3 *Hill*, 386.) In both cases the sheriff is now bound to keep possession of the property, if indemnified, although the jury may have found the title to be in a third person. The statute has made the practice under an attachment to conform in this respect to what had long been the common law rule in regard to property levied on under an execution.

The demurrer is well taken, and the defendant must have judgment.

---

SCHENECTADY GENERAL TERM, January 1849. *Cady, Paige, and Willard,* Justices.