THOMPSON and TATHAM *vs.* DICKERSON.

In an action on a bond given on the discharge of a foreign attachment, the debtor is not a competent witness for the defendant, inasmuch as he is substantially the real party.

In such action, it is not necessary for the creditor to establish a claim exceeding $100. He can recover on the bond any sum that he can prove to be justly owing to him from his foreign debtor.

There is no error in refusing to nonsuit the plaintiff, where there is a question of fact, on which there is some evidence. Such a question is properly submitted to the jury.

THIS was a writ of error to the court of common pleas for the city and county of New-York. From the return to the writ it appeared that T. Stokes Dickerson, the plaintiff below, brought an action of debt against the plaintiffs in error, Samuel Thompson and Benjamin Tatham, jun. on a bond in the sum of $2600, to the plaintiff, made 5th November, 1846, by which they agreed to pay to the plaintiff as an attaching creditor, the amount justly due and owing to him by William West, jun. and William P. Cox, (against whom he had sued out an attachment,) at the time he became an attaching creditor, on account of any debt so claimed and sworn to by him, with interest thereon, and in the event of its appearing that any sum of money was due to any attaching creditor, that they would pay to such attaching creditor the costs and disbursements incurred in obtaining such attachment and the proceedings thereon. The plaintiff in the court below proved on the trial there, a contract made and executed by the said William West, jun. and William P. Cox of Philadelphia, to him, dated Philadelphia, April 10th, 1846, for the sale of coal; and that only a part of the coal contracted for had been delivered, and his damages for the breach of the contract; and introduced a taxed bill of costs on the attachment, for $29,69, and rested his case. The contract was for 1500 tons of red ash coal, "to be shipped during the season regularly; and any advance or reduction of tolls on the railroad to be added or allowed as the case might be, with the privilege of a credit of four months, interest added." There was nothing in the contract to show where, or at what times, the payments for the coal

Thompson v. Dickerson.

were to be made ; but in a letter from West & Cox to the plain-tiff, dated "Philadelphia, June 10th, 1846," they said, "We find we can not use your paper in our bank, and until we can make some arrangement about it, we can not go on. If we could do without the money until the notes mature, we should have no objection. Your friends gave us the money for the two drafts, but can not look for the same favor again.; presume we shall soon hear from you or see you." The defendants moved for a nonsuit, on the grounds, 1. That no breach of the contract was shown either by the letter of 10th June, or otherwise, and no demand of further shipment was shown ; 2. That the letter was evidence of a construction given to the contract by the parties different from its strict letter, that is, that West & Cox were not bound to ship without security ; 3. That the contract was made in Philadelphia, and not here—that the coal was deliver-able there, and that the damage, if any, arose there, and that there was no evidence of any damage there, but that the proof was confined to New-York ; 4. That the credit was a privilege, and there was no evidence that it was claimed, but on the contra-ry, that to a certain extent it was relinquished. The court denied the motion for a nonsuit, and the defendant's counsel excepted. William West, jun. was then offered on the part of the defend-ants, to prove the alteration and addition made to the contract, in June, 1846 ; the breach thereof, by the plaintiff, in Septem-ber ; and that there was nothing due to the plaintiff on the con-tract. But the plaintiff's counsel objected, and insisted that William West, jun. as one of the firm of West & Cox, being a party to the contract on which this suit was brought, under the statute, (although not a party to the record,) was actually one of the defendants in interest, and could not be admitted as a witness. The defendants, however, insisted that the plaintiff having made his election to bring his suit on the bond, and not having made the said William West, jun. a party to the record, although he was one of the parties to the contract, still he was a competent witness for them ; that if he, West, was interested, it was only on his liability over to the defendants, to contribute to whatever the plaintiff might recover against them ; and that

whatever his interest might be, a release would make him competent, he not being a party to the record. And they then handed him a release which he accepted. But the plaintiff's counsel still objected to the introduction of West, as a witness, insisting that his interest in the subject matter of this suit was such that it could not be released by the defendants, so as to make him a competent witness in their behalf: and the court decided that West was, by the statute under which this suit was brought, one of the real defendants, and that his interest in the subject matter was of such a nature that a release to him, by the defendants, could not make him a competent witness in their favor, notwithstanding he was not a party to the record, and refused to allow him to be sworn; and the defendants excepted to this decision.

The defendants then offered in evidence a correspondence by letters between West & Cox, of Philadelphia, and the plaintiff. The plaintiff's counsel objected, but the court allowed them in evidence, and the counsel excepted. The dates of the letters, which were seventeen in number, were from May 18th, 1846, to October 20th, 1846; six of them written by the plaintiff, and eleven by West & Cox. By this correspondence it appeared that the plaintiff, on the receipt of each cargo of coal, was to pay for it by the acceptance of a draft on him, by West & Cox, for the amount, or by a draft in their favor, drawn by him on some of his friends in Philadelphia; some of the acceptances were at thirty days, one at ninety days. In the last letter from the plaintiff to West & Cox, dated "New-York, Sept. 10, '46," he said, "I should have written you before, but have been waiting the arrival of the boat which has not yet come in. After the 21st inst. there will mature some heavy drafts on my friends in Philadelphia, at which time I will be privileged to draw on them for a like amount, so you will please have a little patience with me." The last three letters from West & Cox to the plaintiff, of September 25, October 8, and October 20, 1846, contained requests for his drafts in their favor, on his friends in Philadelphia, for the cargo of coal shipped on the 3d September, and which, as it appeared in evidence, was received on the 11th of

Thompson v. Dickerson.

that month. The defendants proved the delivery to the plaintiff of 511 tons of coal, and also proved that coal by the cargo was generally sold for cash; that when sold on credit it was the custom of the trade, on the receipt of the bill of lading for each cargo, for the purchaser to send his draft or note according to the agreement, for the time that might have been agreed on, adding the interest. It was admitted that the plaintiff had not paid or given his note or acceptance for the last cargo, amounting to $399, with interest from 3d September, 1846. The jury found a verdict for the plaintiff for his debt, and assessed his damages at fifty dollars, and six cents costs.

*H. M. Western*, for the plaintiffs in error.

*H. Brewster*, for the defendant in error.

*By the Court*, EDMONDS, P. J. There was no error in refusing to nonsuit. Whether there was any breach of the contract, was a question of fact, on which there was some evidence, and which was properly submitted to the jury. And no error can be discovered in the ruling on the other grounds of that motion. In excluding West as a witness, I am of opinion there was no error; for in these proceedings—the mere creature of a statute—and where the creditor is required to establish his demand in the same manner as in an action against the debtor, the debtor is substantially a party to the suit. Besides, in this case, West had an interest which the defendants could not release, and that was his claim to recover from the plaintiff the price of the cargo of coal already delivered, and which might be affected by a recovery in this suit.

One of the points taken on the argument relates to the judge's charge. No exceptions to the charge having been taken, that point can not be considered.

As to the remaining questions in the case, the plaintiffs in error have mistaken the enactments of the statute. It is true there must be a debt of at least $100, to warrant an attachment in the first instance, but it by no means follows that that

Thompson *v.* Dickerson.

question, as it affects the original jurisdiction to issue the attachment, can be raised in a suit on a bond given to discharge it. On the contrary, it is evident that the statute did not so intend, but intended that a non-resident or absconding debtor, who was liable to an attachment, should not have the privilege of removing it, unless he paid whatever he might chance to owe the prosecuting creditor. Hence, the condition of the bond is to pay, to each attaching creditor, the amount justly due and owing by such debtor to him, at the time when he became an attaching creditor, *on account of any debt so claimed and sworn to by him.* (2 *R. S.* 12, § 55.) And, by a subsequent law, it was enacted that the bond should contain a farther condition, that in the event of its appearing that *any sum of money* was due to any attaching creditor, the costs and disbursements of obtaining the attachment, and all subsequent proceedings, should be paid. (*Laws of* 1833, *ch.* 52, § 2.) In order, then, to entitle the plaintiff to recover on the bond, it is not necessary for him to establish a debt of at least $100. It is enough for him to show that any thing was due him. Such an amount of indebtedness must be established, in the first instance, to warrant the attachment; but when that is established to the satisfaction of the officer issuing the attachment, that question is not open in a suit on the bond, but the establishment of a debt, for any amount, forfeits the bond.

The objection, as to costs, is answered by the remark, that the recovery in this suit was for the debt of $2600, and not merely, as it seems to be supposed, for $50 damages.

And so, there appearing to be no error, judgment must be affirmed.

[New-York General Term, October 6, 1851. *Edmonds, Mitchell* and *Edwards,* Justices.]