ANDREW S. GARR *v.* HENRI MAIRET and C. A. ROBERT.

Costs, as taxed or adjusted by the clerk, are not, under the Code, the measure of compensation for the services of the attorney, in an action between himself and his client to recover therefor.

In such an action, proof of the value of the service is required.

APPEAL by defendants from a judgment entered upon the report of a referee. The facts sufficiently appear in the opinion of the court.

*F. R. Coudert*, for the appellants.

*A. S. Garr*, respondent, in person.

BRADY, J.—The plaintiff, who is an attorney and counsellor of the court, sued the defendants to recover for services rendered in his professional character. Before the referee, no proof of the value of the services rendered was given, except the judgment rolls, showing the costs taxed against the parties sued by the defendants. Prior to the Code, there is no doubt the rule was, that the amount of costs taxed was the measure of compensation to

the attorney, as between him and his client (*McFarland* v. *Crary*, 8 Cowen, 253 ; *Brady* v. *City of New York*, 1 Sand. 583, 584) ; but, by the Code, the rule was changed, leaving the attorney and client to make their agreement as to compensation. On authority, although perhaps the rule referred to is a fair one and should still prevail where no express agreement has been made, costs are no longer the measure of compensation, and proof of value of the service is required. Code, 303; *Easton* v. *Smith*, 1 E. D. Smith, 318; *Stow* v. *Hamlin and others*, 11 How. 452 ; *Moore* v. *Westervelt*, 3 Sandf. 762. The referee erred, therefore, and the judgment should be set aside and the cause referred back. Costs to abide event.

Ordered accordingly.