CASE 22—PETITION ORDINARY—DECEMBER 18.

# Jewell vs. Mills, &c.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. A bond which contains no covenant to pay the claimant of any property seized and sold under a distress warrant, the damages sustained by such claimant in consequence of such seizure and sale, as prescribed in section 709, Civil Code, presents no bar to an action against a constable for the wrongful seizure of property, &c.

2. A constable and his surety are liable, on their official bond, for the tortious acts of the constable under color of his office, as for nonfeasance and unintentional misfeasance in office.

3. A surety of a constable is not liable, on his official bond, for the constable's acts of violence, which are personal wrongs. (*Murrell vs. Smith*, 3 *Dana*, 463; *Calvert vs. Stone*, 10 *B. Mon.*, 152.)

4. "*The jury are instructed that a constable, in making a levy, has a legal right to enter a dwelling through a window, provided he does not break any fastenings to the same.*" This instruction *should not have been given* by the circuit court.

5. A constable has no right to force open an outer door or window which is closed and fastened, although he may not break a lock or catch, to make a levy of a *fieri facias* or distress warrant.

E. S. WORTHINGTON,                               For Appellant,

CITED—

18 *B. Mon.*, 136; *Waller vs. Morgan.*

*Rev. Stat.*, secs. 30, 32, *chap.* 91, 2 *Stant.*, 345.

1 *Hill* (*N. Y.*), 336; *Curtis vs. Hubbard.*

2 *Dana*, 404; *Walker vs. Fox.*

3 *Harring*, 288; *Boggs vs. Vandyke.*

*Gwynne on Sheriffs*, 104–5.

1 *Bishop on Crim. Law.*, 3d ed., sec. 327; 5th ed., sec. 1532.

2 *Tidd*, 1012–13.

10 *B. Mon.*, 152; *Calvert vs. Stone.*

*Doug.*, 40; *Ackworth vs. Kemp.*

7 *Johnson's Rep.*, 35; *McIntire vs. Trumbull.*

3 *H. and M. Va. Rep.*, 127; *Moore's adm'r vs. Downey, &c.*

*Chitty on Pleadings*, 96.

3 *Dana*, 463; *Murrell vs. Smith.*

5 *Mon.*, 193; *Commonwealth vs. Stocton.*

4 *Ohio*, 418; *Ohio vs. Jennings.*

4 *Comstock*, 173; *People vs. Schuyler.*

19 *Mo.*, 372; *State vs. Moore.*

*U. S. Ann. Dig.*, 1861, *p.* 99, *secs.* 31–3.

*Sedgwick on Damages*, 38, 453–4, 521–2.

3 *Dana*, 583; *Major vs. Pulliam.*

2 *Metcalfe*, 153; *Chiles vs. Drake.*

3 *Parsons on Contracts*, 5th ed., 169–77.

8 *B. Mon.*, 57; *Pettit vs. Mercer.*

8 *B. Mon.*, 160; *Reidhar vs. Berger.*

18 *B. Mon.*, 846; *Kaye vs. Kean.*

1 *Metcalfe*, 240; *Mitchell vs. Mattingly.*

*Loughborough's Digest*, 117.

1 *Stant. Rev. Stat.*, 180.

4 *J. J. Mar.*, 204; *Potts vs. Commonwealth.*

7 *B. Mon.*, 298; *Commonwealth vs. Lightfoot.*

8 *B. Mon.*, 111; *Arnold vs. Commonwealth.*

1 *Barr*, 191; *Rose vs. Story.*

15 *B. Mon.*, 450–1; *Gunn vs. Gudehus.*

JEFF. BROWN,          For Appellees,

CITED—

*Civil Code, secs.* 709, 710, 711.

T. B. & J. B. COCHRAN,         On same side.

T. N. & D. W. Lindsey,                On same side,
CITED—

2 *Bibb*, 186; *Johnson vs. Gwathmey.*

2 *Bibb*, 257 ; *Taylor vs. Commonwealth.*

4 *J. J. Mar.*, 204–5; *Potts vs. Commonwealth.*

7 *B. Mon.*, 252 ; *Commonwealth vs. Cole.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

Appellee Mills, a constable of Jefferson county, having a distress warrant in his hands in favor of B. R. Hall against Lewis Pickering, went to the house of appellant, in the city of Louisville, not the premises leased to Pickering, nor was appellant bound for the debt, and made a forcible entry into her house through a window, the outer doors of the house being locked, and with force took her property, under color of his office, to satisfy the debt for which the warrant issued.

This action was brought against appellee and his surety on his official bond by appellant, for breaking open a window of her house, entering the same with force and arms, cursing and abusing the family, assaulting her mother, a boarder in her house, by presenting a pistol at her, within shooting distance, threatening to shoot her, and demanding of appellant a watch belonging to her, and, as is alleged, for other wrongs to her then and there done.

In their original answer appellees deny that said Mills, in company with a young man, went upon appellant's premises, and, with force and arms, forced open a window of her dwelling-house, the outer doors thereof being locked, thrust the sash in, and by means thereof entered, and then broke open an outer door. They deny that said Mills *then and there seized and carried away a large quantity of property as a levy under said distress warrant, or that he presented a revolver at the mother of plaintiff, within a few feet*

*of her breast, and demanded of the plaintiff a watch that she surrendered, and which was taken away, or that he cursed and swore, &c.*

Subsequently appellees tendered an amended answer, and asked leave to file it. Appellant objected, but the court overruled the objection, and permitted the amended answer to be filed, to which she excepted.

In said amended answer it is alleged that Hall, the plaintiff in the distress warrant, executed to appellee Mills a bond to indemnify him against any damages which he should sustain, or become liable for, in consequence of the levy made and mentioned in the petition, and to warrant to any purchaser the property to be sold; that "said bond was executed, with J. W. Stockton as surety, and was sufficient." The bond is made part thereof and filed.

On the trial a verdict and judgment were rendered for appellant for one cent, and she has appealed.

The first question to be considered is the propriety of the ruling of the court in permitting the amended answer to be filed.

The object of the amendment was to set up a bond of indemnity, as authorized by section 709, Civil Code, and to rely upon the same as a bar to this action under section 711, *ibid.* But the bond contained no covenant to pay to the claimant of any property seized and sold under the distress warrant the damages sustained by such claimant in consequence of such seizure and sale, as prescribed in section 709, Civil Code. Consequently, appellant could have no remedy on the bond of Hall for the seizure and sale of her property, and it presented no bar to her action against the constable. The amended answer was, therefore, insufficient, and the court erred in permitting it to be filed.

It is true that appellant, in her petition, does not allege in express terms that Mills took and carried away any of her property; but Mills, in his answer, by denying that the watch was surrendered to him upon his demanding it, and denying that he took it away, cured the defect in the petition, made the issue directly, and the court might properly have submitted it to the jury, as this action may be maintained for any actual damage sustained by appellant, including the value of her property taken.

Appellant complains that the court below refused to give the second instruction asked by her attorney, and insists that the court erred in refusing it. By that instruction she seeks to make the constable and his surety responsible on their official bond for the tortious acts of the constable under color of his office. For *non-feasance* and unintentional *misfeasance* in office the constable and his sureties would unquestionably be responsible to the party injured, because such would be an official wrong; but for acts of violence, such as are alleged in the petition against Mills, and which are, according to the allegations, personal wrongs, we apprehend the surety is not responsible, and this conclusion is fully sustained by the authorities referred to by appellant's counsel, of *Murrell vs. Smith*, 3 *D.*, 463 ; and *Calvert vs. Stone*, 10 *B. M.*, 152, and other authorities cited.

There is some confusion in the record as to whether the instruction marked No. 1, and asked by appellees, was given. Immediately preceding that instruction, the record recites, that "the defendants asked the following instructions, which were given;" and at the conclusion of that instruction the word "*refused*" is found. If it was given it was erroneous, for the reasons stated, that the amended answer was insufficient.

Instruction No. 2 should not have been given. It is as follows: "The jury are instructed that a constable, in making a levy, has the legal right to enter a dwelling through a window, provided he does not break any fastenings of the same."

Having the distress warrant in his hands did not authorize the constable to force a lock of an outer door, nor to unlatch nor to loose the fastening of a window-shutter of an outer window to enter the house to make a levy. He has no right to force open an outer door or window which is closed and fastened, although he may not break the lock or catch, to make a levy of a *fieri facias* or distress warrant. The removal or displacing the fastenings of either, without breaking the same, will constitute him a trespasser.

No other errors are perceived; but for those pointed out the judgment is *reversed*, and the cause is remanded for a new trial, and for further proceedings consistent herewith.