## FELLOWS and others *vs.* BARTON.

Where the question presented turns upon the credibility of the conflicting accounts and statements of the parties and their witnesses on a particular subject, it is erroneous to nonsuit the plaintiff upon the point on which the evidence conflicts, instead of submitting the question to the jury.

APPEAL from a judgment of nonsuit entered at the Onondaga circuit.

*Mr. Kennedy,* for the appellant.

*J. D. Garfield,* for the respondent.

Fellows *v.* Barton.

*By the Court,* TALCOTT, J. This action was brought to recover damages upon the allegation that the defendant unlawfully entered a billiard room belonging to the plaintiffs and took and converted their personal property therein to his own use. The question litigated on the trial was whether the lease of the billiard room and the personal property therein belonged to the plaintiffs upon an absolute purchase thereof by them from the defendant, or whether the plaintiffs entered under a conditional arrangement, either as partners with the defendant in the carrying on of the billiard room, or as conditional purchasers. The plaintiffs, upon their testimony, if it was correct, made out a clear case of an absolute sale of the property to them for their own use and benefit. The evidence on the part of the defendant tended strongly to show that the nature of the arrangement between the plaintiffs and defendant was different, and that either at the commencement of the business or under a subsequent arrangement the defendant was the owner of the property and the business carried on for his benefit. All this the plaintiffs explicitly denied. The question presented substantially turned upon the credibility of the conflicting accounts and statements of the parties and their witnesses on this subject.

The court nonsuited the plaintiffs, upon the ground that they had not acquired a legal title to the property. This was the very point on which the evidence conflicted. The plaintiffs asked to have the question submitted to the jury. The court refused. It seems to us quite clear that the point on which the plaintiffs were nonsuited was for the jury, and the nonsuit erroneous.

Judgment reversed and new trial ordered, costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]