# SUPREME COURT.

## HENRY D. BICKETT agt. WILLIAM L. TAYLOR and another.

*Stock brokers — agreement to carry stock on margin — right to sell when margin not kept good — evidence as to circumstances under which written instrument was executed — nonsuit.*

It is competent for a party to show any facts and circumstances surrounding the making of a contract, which would enable the jury to determine the subject-matter to which the contract was in fact applicable.

It is an elementary rule of construction that every written instrument should be interpreted in the light of the circumstances surrounding its execution, and it is error for the court to exclude evidence of the circumstances under which the instrument was executed.

It is only where there is no evidence in law, which, if believed, will sustain a verdict, that the court is called upon to nonsuit.

*General Term, First Department, March, 1877.*

APPEAL from judgment entered upon dismissal of the complaint at circuit. The facts fully appear in the opinion.

*Freling H. Smith,* for plaintiff, appellant.

I. The court erred in excluding evidence of the circumstances under which the contract was executed, and that it was intended by the parties only to apply to the stock which defendants were carrying for plaintiff at the time of its execution. It is an elementary rule of construction that every written instrument should be interpreted in the light of the circumstances surrounding its execution, which may always be proved to place the court in the situation of the parties and enable it to apply the instrument to its subject-matter

(*Bancroft* agt. *Winspear*, 44 *Barb.*, 209 ; *Blossom* agt. *Griffin*, 3 *Kern.*, 569 ; *Hanck* agt. *Craighead*, &c., 8 *Hun*, 237 ; *Griffiths* agt. *Hardenburgh*, 41 *N. Y.*, 464 ; *Matter N. Y. C. R. R. Co.*, 49 *id.*, 414 [419] ; *The Western N. Y. L. I. Co.* agt. *Clinton et al.*, *Ct. App.*, *June*, 1876 ; 2 *Phil. Ev.*, 531 ; *Parsons on Contracts*, vol. 2. p. 499 [5th ed.]).

II. The court erred in holding as matter of law that the contract of February 24, 1870, applied to and governed the transactions in question. The contract by its terms relates solely to the *account* existing between the parties *at the time of its execution*. It authorizes defendants, if plaintiff fails to comply with its terms, "*to close his account*," *to discontinue the transaction*, &c. Plaintiff closed the "account" with defendants, to which this contract applied, in the spring of 1870, and had no transactions or dealing, or account of any kind whatever, with them, for two or three years prior to purchasing the stocks in question.

III. Unless the contract was controlling on the plaintiff the defendants were bound to give him reasonable notice of the time and place of sale of the stocks, and such sale should have been held in a public place, and not in the stock exchange (*Brass* agt. *Worth*, 40 *Barb.*, 648 ; *Markham* agt. *Jaudon*, 41 *N. Y.*, 235).

IV. "It is only where there is no evidence in law, which, if believed, will sustain a verdict, that the court is called upon to nonsuit" (*Colt* agt. *The Sixth Ave. R. R. Co.*, 49 *N. Y.*, 671 ; *Lubrim* agt. *Kopling*, 4 *id.*, 547 ; *Fish* agt. *Davis*, 62 *Barb.*, 122 [126] ; *Heyne* agt. *Blair*, 62 *id.*, 19 [22] ; *Thurber* agt. *Harlem*, &c., *Co.*, 60 *id.*, 326 [331] ; *Schenck* agt. *Morris*, 2 *Sweeney*, 464 ; *Breton* agt. *Baxter*, 2 *id.*, 339).

*Robert Sewell*, for defendants and respondents.

I. The exception to the admission of the contract of February 24, 1870, on the ground that it is not shown to relate to the transactions in suit, cannot be sustained. It is a contract for all future purchases of stocks and all future dealings

between the parties; and unless there is clear evidence of its abrogation, it must be held to govern all after transactions between the parties (*Greenleaf on Ev.*, sec. 75.).

II. The offer to prove that the contract was executed for a special and particular purpose was properly excluded. The intention of the parties can best be seen by the contract itself. They express themselves in it as intending to cover, not only the stocks then on hand, but all which should be thereafter purchased. To attempt, as the offer does, to contradict this by oral testimony, is to subvert the most elementary principle of the law of evidence. It might have been abrogated subsequently, but that would be another question (*Bayard* agt. *Malcolm*, 1 *Johns.*, 467; 2 *Phil. Evid.*, 350; 2 *Stark Evid.*, 544; *Boorman* agt. *Johnston*, 12 *Wend.*, 573).

III. At the time of the sale of the stock by defendants, there was only four dollars and eighty-seven cents margin left. There was not a ten per cent margin. The defendants, therefore, had a right under the contract to close plaintiff's account by sale of all stocks at the brokers' board or elsewhere, in their discretion. They exercised their right on November first, and sold the stock at the brokers' board. The court could give no other direction than to dismiss. There can be no cause of action predicated on an act done under a contract, which contract is in full force. If the contract was not abrogated, then the motion to dismiss was properly granted, because, being proven to have existed, it is presumed to continue in existence until it is shown to have been abrogated (*Wilkens* agt. *Earle*, 44 *N. Y.*, 172; 4 *M. & G.*, 898; *Meyer* agt. *Hallock*, 2 *Robt.*, 284; *Cooper* agt. *Dedrick*, 22 *Barb.*, 516).

IV. As to the sale of the stock not being made in the proper manner, all that need be said is, that it was made under the written contract, and might have been made anywhere defendants pleased. It was made at the brokers' board, but it might have been made in the street, or at the counter of

defendants, or anywhere else they pleased (*Markham* agt *Jaudon*, 41 *N. Y.*, 258 ; *Stewart* agt. *Drake*, 46 *id.*, 449).

DAVIS, *P. J.* — This action was brought by the plaintiffs against the defendants, who were stockbrokers, for an alleged sale, without authority, of certain stocks which they, as brokers, had purchased and were carrying for him.

It appeared in the case that, on the 24th of November, 1870, a written agreement was signed by the plaintiff in respect to certain stock transactions between him and the defendants. This agreement clothed the defendants with the greatest possible power with respect to the use and sale of the stock, and subjected the plaintiff to stringent obligations to keep his margin at all times at ten per cent. The transactions existing when that agreement was made, and the accounts in respect to them, were fully closed more than two years before the purchase of the stock in question. At the time the stock in question was bought, nothing seems to have been said with reference to the contract of 1870. After that contract had been introduced in evidence, the plaintiff offered to show under what circumstances it was made, and, in substance, that it only applied to the stocks which the defendant was then carrying, or might purchase while he was absent at the south, in case of a decline in the market below ten per cent. The court excluded this offer, and the plaintiff's counsel excepted. At the close of all the evidence in the case, the court ruled that the contract of 1870 covered all the dealings between the parties.

Counsel for plaintiff then requested the court to submit to the jury the question as to whether the contract was contemplated by the parties when the transaction in question was entered into ; also, if they found that it was so contemplated as to apply to the present transaction in its inception, whether there was not a new agreement entered into by the parties on the 19th and 20th of September, 1873, when the additional margin was deposited by the plaintiff, which was thereafter

Bickett agt. Taylor.

applicable to this transaction, and controlling upon the parties; also, whether the defendant, on the first of November, sold the stock in the proper manner, and at the fair market-price at the time of the sale.

The court declined to grant any of the above requests or to submit any question to the jury, on the ground that the rights of the parties were governed by the contract, and that there is no evidence in the case which would sustain a finding of the jury that it was rescinded or rendered nugatory, and plaintiff's counsel duly excepted.

We think the court erred in these rulings. It appeared by evidence that all the transactions existing at the time that contract was made, or which constituted continuous dealings under the then current account, had terminated, and the account was closed between the parties some two years before the transactions out of which this action arises took place. By the purchase of the stock in question the plaintiff opened a new account with the defendants; and if there be any legal presumptions (which we much doubt) that the former contract existing between the parties was thereby revived, so as to apply to and cover the new account, yet the facts and circumstances proved in the case very clearly, as it seems to us, make that question an open one of fact for the jury to determine.

It was entirely competent for the plaintiff to show any facts and circumstances surrounding the making of that contract, which would enable the jury to determine the subject-matter to which the contract was in fact applicable; that is to say, whether it was intended to apply to transactions then current between the parties and those which should grow out of their then present dealings and form a continuous account, or whether it was intended to cover any and all other transactions which might, through any indefinite period, take place between the same parties after that account had been completely closed. Besides, there was evidence sufficient to go to the jury upon the question whether or not the parties them-

Bickett agt. Taylor.

selves did not treat the transaction of 1873 as an entirely new and independent one, not governed or affected by the old contract, and this evidence ought to have been submitted to the jury. There was evidence, also, on the part of the plaintiff, tending to show that on the 19th and 20th of September 1873, a new agreement was entered into between the parties, which thereafter controlled and limited the authority of the defendants in disposing of the plaintiff's stock. This question should properly have been submitted to the jury, for, if the jury had found upon it favorably to the plaintiff, there is no reason why it should not be held to have abrogated the contract of 1870, and placed the parties in respect to the stock held, after the twentieth of September, upon an entirely different footing. The evidence upon this question was conflicting, but that fact had no effect upon the right of the plaintiff to have the question passed upon by the jury. It is at least doubtful whether the court, upon all the evidence, ought not to have held, *as a question of law,* that the contract of 1870 *had no application* to the stock purchases in 1873. The presumption of the continuance of that contract was certainly not a strong one, *under the evidence in this case,* and there was sufficient testimony tending to rebut the presumption *to render the ruling of the court as matter of law,* that that contract covered all dealings between the parties, one that cannot be sustained.

The judgment must be reversed and a new trial granted, with costs to abide event.

Brady and Daniels, JJ., concurred.