By the Court.—Arnoux, J.
The complaint alleges that the defendant, as attorney, had collected $2,175 on two judgments recovered by plaintiff that defendant, to induce plaintiff to accept a certain sum in settlement, had represented that only $1,134.41, had been so collected, and that plaintiff had made-such .settlement relying on such statement. The answer admits the collection of the moneys, but. sets up that the excess above said sum of $1,134.41 was-the amount of the costs, and that the plaintiff is not the-real party in interest.
Upon the trial, plaintiff testified that on or about December 1,1875, defendant stated to plaintiff that the-matters were settled, and said, “ there was the account.” This was entitled “Noah Wheaton, in account with Richard S. Newcombe,” and upon its face was the following entry: “Amount recovered, $1,134.41.” .The plaintiff further testified that about a fortnight after-wards, he called upon defendant for the purpose of settling, when he said, referring to said account “ There is the account; take that or nothing.” He fur *217 ther testified that at the time the statement was handed to him, he supposed that $1,134.41 was all that the defendant had collected in the case ; that a year after, he met Mr.Fay, one of the judgment debtors, with whom he had a conversation, and up to that time he had no knowledge that the amount obtained in the action was any other than what was stated in said account. It appeared in evidence that the original judgment was appealed to/the general term, and to the court of appeals, and was affirmed with costs; that the amount stated in the account was simply the amount of the debt and interest, without the costs; and that at different times, the costs were alluded to in the presence of Mr.Quackenboss, the assignee of the claim, if not in the presence of the plaintiff himself. So that, notwithstanding the explicit denial of the plaintiff of knowledge, his statements on that subject might be regarded with suspicion. The learned judge who tried the cause was so impressed thereby that, although when the plaintiff rested, he refused a motion for a nonsuit, on this admirable statement of the law : “ On a motion for a nonsuit evidence is to be taken in the light most' favorable to the plaintiff, and regardless of any explanation which can be offered by the defendant,”—nevertheless, on the close of the whole case, he granted the nonsuit upon the ground that he was satisfied upon the evidence that plaintiff had means of knowledge, or did possess knowledge, at the time he settled with defendant, that the costs had also been recovered, ^notwithstanding that he testified to the contrary.”
In granting the motion we think the learned judge erred. Where there is a conflict of evidence, the judge in the first instance is bound to submit the case to the jury (Nourry v. Lord, 2 Keyes, 617 ; Howell v. Gould, 3 Id. 422; Dunham v. Troy Union R. R. Co., 3 Id. 543; Fellows v. Barton, 66 Barb. 608 ; Fish v. Davis, 62 Id. 122); although he may subsequently set aside *218 the verdict as against the weight of evidence. His power to direct a nonsuit is limited to a case where there is no evidence to support a verdict for plaintiff, and where no inferences can be drawn from the undisputed evidence favorable to plaintiff (Dunham v. Troy Union R. R. Co., 1 Abb. App. Dec. 565, 568; Colt v. Sixth Ave. R. R., 49 N. Y. 671 ; Clemence v. City of Auburn, 66 Id. 334, 338; Thompson v. Dickerson, 12 Barb. 108, 111; Philips v. Wilpers, 2 Lans. 389; Beckett v. Taylor, 55 How. Pr. 126; Thompson v. Lumley, 50 Id. 105; Carl v. Ayres, 53 N. Y. 14). The fact, therefore, that there was a conflict of evidence, made it the duty of the court to submit that question to the jury. The question then to be considered is whether the statement was untrue, or whether there was a suppressio veri that amounted to a suggestio falsi.
Under the Code the costs belong to the party (Stow v. Hamlin, 11 How. Pr. 452; Garr v. Mairet, 1 Hilt. 498; Easton v. Smith, 1 E. D. Smith, 318; Moore v. Westervelt, 3 Sandf. 762; Bartle v. Gilman, 18 N. Y260, 262; Van Every v. Adams, 10 J. & S. 126). Thattorney simply has a lien for his compensation, whether it is to be measured by the amount of the costs or otherwise (Rooney v. Second Ave. R. R. Co., 18 N. Y. 368; Macgregor v. Comstock, 28 Id. 237; Marshall v. Meech, 51 Id. 140; Wright v. Wright, 70 Id. 100; Pulver v. Harris, 52 Id. 73; Crotty v. McKenzie, 10 J. & S. 192, where the authorities are collated). The costs do not primarily belong to the attorney. So that, when the defendant collected the whole amount of the judgment ($2,175), and represented that the amount recovered was $1,134.41, he at least inadvertently made an incorrect statement. There was a suppression of the facts that might have deceived the plaintiff. Besides that, although the judgments amounted to more than the sum stated, and that might *219 have been known to plaintiff, the last-named sum might have been the entire amount recovered, and the plaintiff might have so believed. He was not bound to doubt or inquire into the accuracy or verity of such statement. He had the right to rely upon the word of his own attorney. The case of White v. Seaver (25 Barb. 235), cited by counsel for respondent, is not an authority in this case. There the action was for false representation regarding the title to real estate. Title to real estate is matter of record, and the rule invoked does not apply in a case of money had and received.
We do not mean in the slightest degree to reflect upon or even to criticise the conduct of the defendant in this case. We simply are bound to declare the law, that as there was a conflict of evidence upon a material question, however improbable the statement of the plaintiff might have been, it was the duty of the judge to submit it to the jury, and permit them to weigh the evidence and determine the fact.
The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.
Russell, J., concurred.