JAMES H. WHITELEGGE, Appellant, *against* MARY DE WITT, as Administratrix of the Estate of John De Witt, deceased, Respondent.

(Decided January 21st, 1884.)

The bill of costs taxed in an action is not, as between attorney and client, the measure of compensation for the services of the attorney therein.

A motion to vacate an attachment may properly be made by the defendant in the action in which the attachment was granted, notwithstanding that a third person has claimed as his own the property attached, and the plaintiff has given to the sheriff a bond of indemnity against such claim.

In an action by an attorney to recover for services rendered in the prosecution of a previous action, it appeared that he had obtained a warrant of attachment against the property of the adverse party therein, which was afterwards vacated on motion by the latter, and the attached property returned to him; and although subsequently the order vacating the attachment was itself vacated, the property was not reached upon either the attachment or an execution issued on the judgment recovered in that action. The client set up in his answer as a defense, and by way of counterclaim, negligence of the attorney in failing to oppose the motion to vacate the attachment. *Held*, that there was evidence that the client suffered loss by the vacating of the attachment, and that if such loss resulted from the attorney's negligence, it was a proper subject of counterclaim; but that an instruction to the jury that in no event could plaintiff recover for services that would not have been required if the order vacating the attachment had not been made, was error, since such an instruction assumed as a fact that the vacation of the attachment was caused by plaintiff's negligence.

The plaintiff in an action in which a counterclaim is set up, if he fails to establish a right to recover, is not entitled to costs merely because no recovery is had upon the counterclaim.

APPEALS from a judgment of the General Term of the Marine Court of the city of New York affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial; and from an order of said General Term affirming an order of said Marine Court denying a motion for a re-taxation of costs.

The action was brought to recover from one John De Witt for professional services of plaintiff as an attorney rendered to De Witt in an action brought by De Witt against one Michael Roche. A warrant of attachment was issued in that action, and was levied upon property of Roche, of greater value than the amount sued for by De Witt. The attached property was claimed by a third person, and a bond of indemnity against such claim was given to the sheriff by De Witt. A motion by Roche to vacate the attachment was then made, and was granted by default, and the property returned to Roche. Subsequently, however, the default was opened, and upon a hearing of the motion, it was denied, and the order vacating the attachment was vacated; but no other levy was made under the attachment. Judgment was recovered by De Witt, but execution thereon against the property of Roche was returned unsatisfied.

In this action, the plaintiff claimed to recover for his services the amount of the costs taxed in the previous action, less a payment to him on account. The answer of the defendant John De Witt alleged negligence of the plaintiff, in omitting to oppose the motion to vacate the attachment, and a loss thereby of the security afforded by the levy under the attachment, and inability to collect the judgment, and set up a counterclaim for damages alleged to have been sustained by him therefrom, to which plaintiff replied. Upon trial the jury found a verdict for defendant for damages, from the judgment entered upon which plaintiff appealed. Pending the appeal, the defendant John De Witt died, and the action was revived and continued against the present defendant, Mary De Witt, as administratrix of his estate. The judgment having been reversed upon appeal,

a new trial was had, at which the jury found a general ver-
dict for defendant.   A motion by plaintiff for a new trial
was denied, and judgment for defendant was entered on the
verdict.   From the judgment and the order denying the
motion for a new trial, plaintiff appealed to the General
Term of the Marine Court, where both were affirmed; and
from this decision plaintiff appealed to this court.

*James H. Whitelegge*, appellant in person.

*Gratz Nathan*, for respondent.

VAN HOESEN, J.—The judge properly ruled that the bill
of costs, as taxed, is not to be regarded as the measure
of compensation between attorney and client (*Stow* v.
*Hamlin*, 11 How. Pr. 452).   The relations between attorney
and client are carefully considered in the leading case of
*Ward* v. *Syme* (9 How. Pr. 16), as well as in *Rooney* v.
*Second Avenue R. R. Co.* (18 N. Y. 368), and those cases
leave no room for doubt that in the State of New York,
since the old fee bill was abolished, an attorney is not com-
pelled to labor for the amounts awarded as costs to the
prevailing party, but is entitled to recover the reasonable
value of his services: a fact to be established, like any other
fact, by evidence (*Garr* v, *Mairet*, 1 Hilt. 498; *Gallup* v.
*Perue*, 10 Hun 526, and cases there cited).
   The judge correctly ruled that a motion to vacate the
attachment could properly be made by the defendant in
the action, notwithstanding that a third person claimed
the property attached as his own, and the plaintiff had
thereupon given an indemnity bond to the sheriff to protect
him against the claim of the claimant.   Section 682 gives
to the defendant the right to apply for the modification or
the vacation of the attachment at any time before the
actual application of the attached property to the payment
of the judgment.   The proceeding under section 682 is not
inconsistent with the proceedings provided for by sections
657, 658, and 659.   The cases on which the appellant relies,

*Chamberlain* v. *Beller* (18 N. Y. 115), and *The People* v. *Schuyler* (5 Barb. 166), do not, as he supposes, conflict with the practice as stated by the trial judge.

The learned counsel for the plaintiff is mistaken in saying that there is no evidence in the case that De Witt lost anything by the vacatur of the attachment. The testimony is that the property attached was of the value of $332.25, and that when the attachment was vacated the property was returned to Roche, the defendant in the attachment suit, and that an execution against Roche was returned unsatisfied. This leaves no room for doubt that De Witt did suffer loss by the dissolution of the attachment.

There can be no doubt that in an action to recover the value of services rendered, the defendant may counterclaim for injuries received by him from the plaintiff's negligence in doing the work. This proposition requires no citation of authorities, but the case of *Isham* v. *Davidson* (52 N. Y. 237) is in point as to the right to set up a counterclaim for damages arising from a tort connected with the contract that is the subject of the action. The case of *Clapp* v. *Wright* (21 Hun 240) does not touch the point at all, for in that case the defendant, in an action for services, attempted to plead as a counterclaim a claim for a penalty to which he alleged that the plaintiff had become liable in a matter nowise connected with the plaintiff's cause of action.

In this court we cannot consider any errors in the charge to which exception was not taken at the trial. On appeals from the city court we review nothing but exceptions (*Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506).

There is one exception, however, that seems to be well taken. The judge instructed the jury that in no event could the plaintiff recover for services that would not have been required if the order vacating the attachment had not been made. This instruction assumed that the vacation of the attachment was caused by the plaintiff's negligence, for in no other way than by his own fault could the plaintiff be debarred from recovering compensation for services rendered by him in the action. It was proved that on a

Whitelegge v. De Witt.

rehearing the order vacating the attachment was itself vacated, and that the attachment was reintegrated, though the property had been eloigned. An oversight of the judge may have led to the discharge of the attachment, and unless the plaintiff were guilty of negligence, his services in procuring the reinstatement of the attachment should not go unrewarded. If the judge held to the contrary he erred, and if his notions of the law corresponded with those I have expressed, he must have assumed that the negligence of the plaintiff had been so conclusively proved that it was not to be submitted as a question to the jury.

For the purpose of removing one point from the controversies that may arise on a new trial, I will say that there is no force in the plaintiff's suggestion that the defendant could not recoup her damages from any part of his demand except his claim for services in obtaining the attachment.

If the trial judge should be of the opinion of the General Term of the city court that no negligence was proved, the case would present a very simple issue for the jury to decide.

Judgment reversed and a new trial ordered, with costs of the appeal to this court to the appellant to abide the event.

VAN BRUNT and J. F. DALY, JJ., concurred.

Judgment reversed and new trial ordered, with costs of appeal to appellant to abide event.

At the same time was heard an appeal by plaintiff from an order of the General Term of the Marine Court, affirming an order of that court denying a motion for a re-taxation of costs, upon which appeal the following opinion was rendered.

VAN HOESEN, J.—The plaintiff is not entitled to costs, though no recovery was had upon the counterclaim (*Thayer* v. *Holland*, 63 How. Pr. 179). As the plaintiff failed to

establish his right to recover, the defendant, though she did not establish her counterclaim, is the prevailing party. Section 3234 has no application to this case; but if it had, the last sentence of the section, taken in connection with the last sentence of section 3228, would completely answer the plaintiff's claim to costs upon the counterclaim.

The taxation of costs is unquestionably right.

It is unnecessary to consider the matter at length, inasmuch as the law is, in this court, well settled. We never took the view of the law that prevailed in *Union Trust Co.* v. *Whiton* (17 Hun 593), but have uniformly adopted the practice which the Court of Appeals, in *First National Bank* v. *Fourth National Bank* (1 Civ. Pro. Rep. 318), declared to be correct. See *Mott* v. *Consumers' Ice Co.* (8 Daly 244), where, in 1879, Chief Justice DALY decided that the true rule was the one which, in 1881, the Court of Appeals expressly sanctioned.

VAN BRUNT and J. F. DALY, JJ., concurred.

Order affirmed, with costs.