## LAMMON & Others *v.* FEUSIER & Others.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEVADA.

Submitted January 10th, 1884.—Decided March 17th, 1884.

*Bond—Officer of the Court—Surety.*

The taking, by a marshal of the United States, upon a writ of attachment on mesne process against one person, of the goods of another, is a breach of the condition of his official bond, for which his sureties are liable.

The original action was brought in the Circuit Court of the United States for the District of Nevada, by Henry Feusier, a citizen of California, against George I. Lammon and three other persons, citizens of Nevada, upon a bond given by Lammon, the marshal of the United States for that district, as principal, and by the other defendants as his sureties, and conditioned that Lammon, " by himself and by his deputies, shall faithfully perform all the duties of the said office of marshal."

It was alleged in the declaration and found by the court (trial by jury having been duly waived) that Lammon, while marshal, and while the bond was in force, having in his hands a writ of attachment on mesne process against the property of one E. D. Feusier, levied it upon the goods of the plaintiff, a stranger to the writ. On the question of law, whether the taking of the plaintiff's property upon a writ of attachment against another person constituted a breach of official duty on Lammon's part for which his sureties were liable, the Circuit Judge and the District Judge were opposed in opinion, and so certified. The plaintiff having died pending the suit, final judgment was rendered for his executors, in accordance with the opinion of the Circuit Judge, and the defendants sued out this writ of error.

*Mr. C. J. Hillyer* for plaintiff in error.

*Mr. M. N. Stone* for defendant in error.

Mr. Justice Gray delivered the opinion of the court. After reciting the foregoing facts, he continued:

The bond sued on was given under § 783 of the Revised Statutes, which requires every marshal, before entering on the duties of his office, to give bond with sureties for the faithful performance of those duties by himself and his deputies; and this action was brought under § 784, which authorizes any person, injured by a breach of the condition of the bond, to sue thereon in his own name and for his sole use.

The question presented by the record is, whether the taking by the marshal upon a writ of attachment on mesne process against one person, of the goods of another, is a breach of the condition of his official bond, for which his sureties are liable.

The marshal, in serving a writ of attachment on mesne process, which directs him to take the property of a particular person, acts officially. His official duty is to take the property of that person, and of that person only; and to take only such property of his as is subject to be attached, and not property exempt by law from attachment. A neglect to take the attachable property of that person, and a taking, upon the writ,

of the property of another person, or of property exempt from attachment, are equally breaches of his official duty. The taking of the attachable property of the person named in the writ is rightful; the taking of the property of another person is wrongful; but each, being done by the marshal in executing the writ in his hands, is an attempt to perform his official duty, and is an official act.

A person other than the defendant named in the writ, whose property is wrongfully taken, may indeed sue the marshal, like any other wrongdoer, in an action of trespass, to recover damages for the wrongful taking; and neither the official character of the marshal, nor the writ of attachment, affords him any defence to such an action. *Day* v. *Gallup*, 2 Wall. 97; *Buck* v. *Colbath*, 3 Wall. 334.

But the remedy of a person, whose property is wrongfully taken by the marshal in officially executing his writ, is not limited to an action against him personally. His official bond is not made to the person in whose behalf the writ is issued, nor to any other individual, but to the government, for the indemnity of all persons injured by the official misconduct of himself or his deputies; and his bond may be put in suit by and for the benefit of any such person.

When a marshal, upon a writ of attachment on mesne process, takes property of a person not named in the writ, the property is in his official custody, and under the control of the court whose officer he is, and whose writ he is executing; and, according to the decisions of this court, the rightful owner cannot maintain an action of replevin against him, nor recover the property specifically in any way, except in the court from which the writ issued. *Freeman* v. *Howe*, 24 How. 450; *Krippendorf* v. *Hyde*, 110 U. S. 276. The principle upon which those decisions are founded is, as declared by Mr. Justice Miller in *Buck* v. *Colbath*, above cited, " that whenever property has been seized by an officer of the court, by virtue of its process, the property is to be considered as in the custody of the court, and under its control for the time being; and that no other court has a right to interfere with that possession, unless it be some court which may have a direct supervisory control over

the court whose process has first taken possession, or some superior jurisdiction in the premises." 3 Wall. 341. Because the law had been so settled by this court, the plaintiff in this case failed to maintain replevin in the courts of the State of Nevada against the marshal, for the very taking which is the ground of the present action. *Feusier* v. *Lammon*, 6 Nevada, 209.

For these reasons the court is of opinion that the taking of goods, upon a writ of attachment, into the custody of the marshal, as the officer of the court that issues the writ, is, whether the goods are the property of the defendant in the writ or of any other person, an official act, and therefore, if wrongful, a breach of the bond given by the marshal for the faithful performance of the duties of his office.

Upon the analogous question, whether the sureties upon the official bond of a sheriff, a coroner, or a constable are responsible for his taking upon a writ, directing him to take the property of one person, the property of another, there has been some difference of opinion in the courts of the several States.

The view that the sureties are not liable in such a case has been maintained by decisions of the Supreme Courts of New York, New Jersey, North Carolina, and Wisconsin, and perhaps receives some support from decisions in Alabama, Mississippi and Indiana. *Ex parte Reed*, 4 Hill, 572; *People* v. *Schuyler*, 5 Barb. 166; *State* v. *Conover*, 4 Dutcher, 224; *State* v. *Long*, 8 Iredell, 415; *State* v. *Brown*, 11 Iredell, 141; *Gerber* v. *Ackley*, 32 Wisconsin, 233, and 37 Wisconsin, 43; *Governor* v. *Hancock*, 2 Alabama, 728; *McElhaney* v. *Gilleland*, 30 Alabama, 183; *Brown* v. *Mosely*, 11 Sm. & Marsh. 354; *Jenkins* v. *Lemonds*, 29 Indiana, 294; *Carey* v. *State*, 34 Indiana, 105.

But in *People* v. *Schuyler*, 4 N. Y. 173, the judgment in 5 Barb. 166 was reversed, and the case *Ex parte Reed*, 4 Hill, 572, overruled by a majority of the New York Court of Appeals, with the concurrence of Chief Justice Bronson, who had taken part in deciding *Reed's Case*. The final decision in *People* v. *Schuyler* has been since treated by the Court of Appeals as settling the law upon this point. *Mayor, &c., of New*

*York* v. *Sibberns*, 3 Abbott App. 266, and 7 Daly, 436 ; *Cumming* v. *Brown*, 43 N. Y. 514 ; *People* v. *Lucas*, 93 N. Y. 585. And the liability of the sureties in such cases has been affirmed by a great preponderance of authority, including decisions in the highest courts of Pennsylvania, Maine, Massachusetts, Ohio, Virginia, Kentucky, Missouri, Iowa, Nebraska, Texas and California, and in the Supreme Court of the District of Columbia. *Carmack* v. *Commonwealth*, 5 Binn. 184 ; *Brunott* v. *McKee*, 6 Watts & Serg. 513 ; *Archer* v. *Noble*, 3 Greenl. 418 ; *Harris* v. *Hanson*, 2 Fairf. 241 ; *Greenfield* v. *Wilson*, 13 Gray, 384 ; *Tracy* v. *Goodwin*, 5 Allen, 409 ; *State* v. *Jennings*, 4 Ohio St. 418 ; *Sangster* v. *Commonwealth*, 17 Grattan, 124 ; *Commonwealth* v. *Stockton*, 5 T. B. Monroe, 192 ; *Jewell* v. *Mills*, 3 Bush, 62 ; *State* v. *Moore*, 19 Missouri, 366 ; *State* v. *Fitzpatrick*, 64 Missouri, 185 ; *Charles* v. *Haskins*, 11 Iowa, 329 ; *Turner* v. *Killian*, 12 Nebraska, 580 ; *Holliman* v. *Carroll*, 27 Texas, 23 ; *Van Pelt* v. *Littler*, 14 Cal. 194 ; *United States* v. *Hine*, 3 MacArthur, 27.

In *State* v. *Jennings*, above cited, Chief Justice Thurman said : "The authorities seem to us quite conclusive, that a seizure of the goods of A. under color of process against B. is official misconduct in the officer making the seizure ; and is a breach of the condition of his official bond, where that is that he will faithfully perform the duties of his office. The reason for this is, that the trespass is not the act of a mere individual, but is perpetrated *colore officii*. If an officer, under color of a *fi. fa.* seizes property of the debtor that is exempt from execution, no one, I imagine, would deny that he had thereby broken the condition of his bond. Why should the law be different if, under color of the same process, he take the goods of a third person ? If the exemption of the goods from the execution in the one case makes their seizure official misconduct, why should it not have the like effect in the other ? True, it may sometimes be more difficult to ascertain the ownership of the goods, than to know whether a particular piece of property is exempt from execution ; but this is not always the case, and if it were, it would not justify us in restricting to litigants the indemnity afforded by the official bond, thus leaving the rest of the com-

munity with no other indemnity against official misconduct than the responsibility of the officer might furnish." 4 Ohio St. 423.

So in *Lowell* v. *Parker*, 10 Met. 309, 313, a constable, authorized by statute to serve only writs of attachment in which the damages were laid at no more than $70, took property upon a writ in which the damages were laid at a greater sum. In an action upon his official bond, it was argued for the sureties that they were no more answerable than if he had acted without any writ. But Chief Justice Shaw, in delivering the opinion of the Supreme Judicial Court of Massachusetts, overruling the objection, and giving judgment for the plaintiff, said: "He was an officer, had authority to attach goods on mesne process on a suitable writ, professed to have such process, and thereupon took the plaintiff's goods; that is, the goods of Bean, for whose use and benefit this action is brought, and who, therefore, may be called the plaintiff. He therefore took the goods *colore officii*, and though he had no sufficient warrant for taking them, yet he is responsible to third persons, because such taking was a breach of his official duty."

Upon the weight of authority, therefore, as well as upon principle, the judgment of the Circuit Court in the case at bar is right, and must be

*Affirmed.*