## McGuire v. Westover.

(Decided December 19, 1924.)

### Appeal from Grant Circuit Court.

Sheriffs and Constables—Claimant Not Entitled to Sue on Bond Conditioned Only to Indemnify Sheriff.—Under Civil Code of Practice, section 641, authorizing officer, required to levy execution upon personal property, to require indemnifying bond conditioned to pay any claimant damages sustained by seizure and sale, where

such bond was conditioned merely to indemnity sheriff, and contained no promise to pay any damages to claimant, one claiming ownership of property seized could not maintain action thereon.

B. F. MENEFEE for appellant.

F. A. HARRISON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Can a claimant of property levied on under an execution recover damages on a bond given the sheriff by plaintiff in the execution, which bond contained no stipulation that the obligors will pay to the claimant any damages in consequence of the levy, if wrongfully made, but only makes such obligation to the sheriff? This is the question presented for determination by this appeal.

Appellee, R. L. Westover, as administrator of Brown, sued out an execution on a judgment in favor of himself as administrator of Brown against Charles M. McGuire and presented it to the sheriff for levy upon a crop of tobacco in the care of McGuire and which Westover insisted was McGuire's property, but the sheriff declined to levy the execution on the tobacco or to take charge of the tobacco until the plaintiff, Westover, as administrator, executed a bond in conformity to section 641, Civil Code. Thereupon Westover, as administrator, plaintiff in the execution, executed to the sheriff the following bond:

"We undertake to indemnify L. C. Tanner, sheriff of Grant county, against any damage he may sustain by reason of the levy of the execution in this action. December 9, 1919."

This bond was signed by R. L. Westover, administrator of J. M. Brown, deceased, and also by C. H. Beasley and R. L. Westover.

This action was commenced in the Grant circuit court by Mrs. McGuire, wife of Charles M. McGuire, defendant in the execution, alleging she was the owner of the tobacco levied on and that under the levy of the execution she had been damaged in the sum of at least $600.00; and, further averring that by reason of the execution of the indemnifying bond above copied and the covenants therein, appellee Westover had become liable to her in damages in the sum named. Westover admitted

by answer the suing out of the execution and the levying thereof on the tobacco crop mentioned in appellee's petition to satisfy judgment for $164.19, but further pleaded that no sale was had under the execution and that the tobacco was not removed from the possession of the defendant in the execution. He denied any liability whatever upon the bond. A general demurrer was sustained to the reply filed by Mrs. McGuire and when she declined to further plead her petition was dismissed. She appeals.

It is provided by section 641, Civil Code, that an officer who is required to levy an execution upon personal property may, when he doubts whether the property is subject to execution, require the plaintiff to give an indemnifying bond, the terms and conditions of which are set out in the Code section. They are to the effect that the obligors in the bond will indemnify the sheriff "against the damages which he may sustain in consequence of the seizure or the sale of the property; and will pay to any claimant thereof the damages he may sustain in consequence of the seizure or sale; and will warrant to any purchaser of the property such estate or interest therein as is sold." It will be observed that the bond sued on in this action does not provide that the sureties "will pay to any claimant thereof the damages he may sustain in consequence of the seizure or sale" of the tobacco claimed by Mrs. McGuire. The bond runs to the sheriff alone. He alone, as sheriff, was entitled to maintain an action thereon. Mrs. McGuire could not do so. Jewell v. Mills, 3 Bush 62; Curry v. Ball, 22 R. 592, 58 S. W. 534.

As this is an attempt by Mrs. McGuire to maintain an action upon the bond made to the sheriff alone, it is clear that the trial court did not err in dismissing her cause. It is unnecessary to discuss the other questions made by appellant.

Judgment affirmed.